# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) Larry Brown,<br>(2) Gary Albert, and<br>(3) Staci Albert, individually and<br>behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>(1) Airgas Specialty Products, Inc.,<br>(2) Airgas, Inc.,<br>(3) IHG Hotels & Resorts, PLC,<br>(4) IHG Franchisor, LLC,<br>(5) Champion Hotels and<br>Development Company of<br>Oklahoma, LLC, and<br>(6) John Does 1-10,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____<br><br>*Removed from the District Court*<br>*of Custer County, State of Oklahoma,*<br>*Case No. CJ-2025-149* |

## NOTICE OF REMOVAL

Defendants Airgas Specialty Products, Inc. and Airgas, Inc. (collectively the "Airgas Defendants") hereby remove this action under 28 U.S.C. §§ 1332(d), 1441, 1446, & 1453 from the District Court of Custer County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma. In support of removal, Airgas Defendants state the following:

### I. The State Court Action and Timeliness of Removal

1.  Plaintiffs originally filed this putative class action as Case No. CJ-2025-149 in the District Court of Custer County, State of Oklahoma on December 2, 2025. A copy of the Class Action Petition is attached as Exhibit 1. As of the date and time

this Notice of Removal is filed, Airgas Defendants have not been served. Therefore, removal of this action is timely. *See* 28 U.S.C. § 1446(b).

2. Prior to removal, no process, pleadings or orders have been served upon Airgas Defendants. *See* 28 U.S.C. § 1446(a). Further to LCvR81.2(a), a copy of the state court docket sheet is attached as Exhibit 2.

## II. Subject-Matter Jurisdiction

3. This Court has jurisdiction over this case under 28 U.S.C. § 1332(d), part of the Class Action Fairness Act ("CAFA"). Plaintiffs assert claims on behalf of a proposed class in which (1) at least one member of the class is a citizen of a state different than any defendant, and (2) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). Therefore, this case may be removed to this Court under 28 U.S.C. §§ 1441(a) & 1453(b).

### A. Minimal Diversity of Citizenship

4. CAFA requires only minimal diversity—in other words, at least one member of the proposed plaintiff class must be a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d)(2)(A). Minimal diversity exists here because the Airgas Defendants are citizens of states different than are Plaintiffs.

5. Defendant Airgas Specialty Products, Inc. is a Delaware corporation with its principal place of business in Georgia. Defendant Airgas, Inc. is a Delaware corporation with its principal place of business in Pennsylvania. Therefore, for purposes of diversity jurisdiction, Airgas Defendants are deemed to be citizens of

Delaware and Georgia and Delaware and Pennsylvania, respectively. *See* 28 U.S.C. § 1332(c)(1).

6. The Petition alleges that Plaintiffs are all "residents and citizens" of Oklahoma. Pet., ¶¶ 6-8.

7. Therefore, minimal diversity exists because Plaintiffs are citizens of a different state than at least one defendant.

**B.     Amount in Controversy**

8. The amount in controversy in this purported class action exceeds $5,000,000.00, exclusive of interest and costs.

9. A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). In establishing the amount in controversy, a defendant may rely on allegations in the petition. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (a "complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal."); *see also In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking at the complaint as it existed at the time the petition for removal was filed."). The court may refer to the types of claims alleged and the nature of the damages sought. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

10. Plaintiffs' claims in this case are premised on "a catastrophic anhydrous ammonia gas leak from a tanker truck" that took place in Weatherford, Oklahoma, on

November 12-13, 2025. Pet., ¶ 1. According to the Petition, this release of anhydrous ammonia caused "mass evacuations, school and business closures, nursing-home evacuations, and dozens of injuries." Pet., ¶ 2. Plaintiffs purport to "bring this action on behalf of all persons who were exposed to, evacuated because of, or require future medical evaluation, property damage, or economic loss" as result of the release. Pet. ¶ 3. Specifically, the proposed class includes:

> All persons (including natural persons and businesses) who, on or about November 12-13, 2025, were present, resided, owned, leased, or operated property, or conducted business within the evacuation or shelter-in-place zone designated by Weatherford, Oklahoma authorities in response to the anhydrous ammonia leak from the Airgas tanker truck behind the Holiday Inn Express & Suites in Weatherford, Oklahoma, and who may be required to evacuate as a result of the Incident or who may need medical evaluation in the future as a result of the Incident.

Pet., ¶ 33.

11.   On November 12, 2025, the City of Weatherford Emergency Management "issued an evacuation order covering approximately one square mile, including residential areas, three hotels, two assisted living centers, and several businesses—impacting 300 to 500 residents. A shelter in place order was later issued to reduce civilian exposure while responders diluted the ammonia plume."[1]

12.   The Petition asserts claims for negligence, negligence per se, strict liability, public and private nuisance, and trespass against the Airgas Defendants. *See generally* Pet., ¶¶ 41-55. The Petition asserts claims for negligence, negligence per se,

---

[1] November 13, 2025 Press Release by Weatherford Police Department, *available at* https://www.facebook.com/p/Weatherford-Police-Department-61579838616504/

4

public and private nuisance, trespass, and premises liability against other defendants. *See generally id.* ¶¶ 41-62.

13.  On behalf of themselves and the proposed class, Plaintiffs seek to recover open-ended "compensatory damages" "according to proof at trial." Pet., ¶ 65 & Prayer for Relief C. They also seek to require defendants to pay for "future health evaluation[s for class members] to detect and address latent or long-term health effects of ammonia exposures." Pet. ¶ 66; *see also id.* Prayer for Relief E. They also seek to recover punitive damages as well as attorney's fees and costs. Pet. ¶ 64 & Prayer for Relief D & G.

14.  Given the nature of the claims asserted, the open-ended request for punitive damages, together with the prayers for medical monitoring, punitive damages, and attorney's fees on behalf of a proposed class that includes individuals and businesses, Plaintiffs' proposed class claims have placed more than $5 million in the aggregate at issue.

15.  In sum, because Airgas Defendants have established this is a putative class action where (1) there is minimal diversity between at least one Airgas Defendant and at least one putative class member; and (2) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, this Court has jurisdiction over this case under 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

### III.  Other Procedural Requirements

16.  Airgas Defendants file this Notice of Removal in the United States District Court for the Western District of Oklahoma, which is the district and division within which Custer County is situated. *See* 28 U.S.C. §§ 116(c), 1441(a).

17. There are no pending motions or hearings currently set in the state court.

18. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be served on Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d).

19. Airgas Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Civil District Court for Custer County, Oklahoma, as required by 28 U.S.C. § 1446(d).

20. By removing this action to this Court, Airgas Defendants do not waive any defenses, objections, or motions under state or federal law.

## IV.   Conclusion

For these reasons, Airgas Defendants hereby remove this action to the United States District Court for the Western District of Oklahoma in accordance with 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. Airgas Defendants request this Court assume jurisdiction over this action and that all further proceedings in the state court be stayed.

Dated December 8, 2025.

*/s/J. Todd Woolery*
J. Todd Woolery, OBA #18882
MCAFEE & TAFT A Professional Corporation
Eighth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
todd.woolery@mcafeetaft.com

**Attorneys for Defendants Airgas Specialty Products, Inc. and Airgas, Inc.**

## Certificate of Service

This certifies that on December 8, 2025, I caused a copy of the above document to be sent via U.S. Mail to:

Clayton B. Bruner
Clayton B. Bruner, P.L.L.C.
P.O. Box 749
Weatherford, OK 73096

**Attorney for Plaintiffs**

*/s/J. Todd Woolery*
J. Todd Woolery