**IN THE UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| Larry Brown et al., individually and behalf of all others similarly situated, | ) | |
| *Plaintiffs*, | ) | |
| vs. | ) | Case No. CIV-25-1473-HE |
| Airgas Specialty Products, Inc., et al. | ) | |
| *Defendants*. | ) | |

**DEFENDANT AIRGAS, INC.'S AMENDED ANSWER TO PLAINTIFFS' CLASS ACTION PETITION**

Defendant Airgas, Inc. ("Airgas") submits the following for its Amended Answer to Plaintiffs' Larry Brown, Gary Albert, and Staci Allbert (collectively, "Plaintiffs") Class Action Petition.[1] Any allegation in the Class Action Petition not specifically admitted below is denied. Paragraph numbers and headings from the Class Action Petition are used in this Answer for the convenience of the Court and parties and should not be construed as any type of admission.

## NATURE OF THE ACTION

1. Airgas admits that on the evening of November 12, 2025, continuing into the early morning of November 13, 2025, a semi-truck tractor with a tank trailer transporting anhydrous ammonia (the "Tanker Trailer") was parked at the Holiday

[1] This Amended Answer is submitted as a matter of right under Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure.

Inn Express & Suites – Weatherford, Oklahoma, and that anhydrous ammonia leaked from the Tanker Trailer. Airgas denies any remaining allegations in Paragraph 1.

2. Airgas admits there was a release of anhydrous ammonia in Weatherford, Oklahoma. At this time, due to ongoing investigation, Airgas lack sufficient information to admit or deny any remaining allegations in Paragraph 2, and the same are therefore deemed denied.

3. Paragraph 3 sets forth a legal conclusion as to Plaintiffs' class action allegations, to which no response is required. To the extent any response is required, Airgas admits Plaintiffs purport to bring this case as a class action but denies Plaintiffs or the purported class are entitled to any relief sought in the Class Action Petition.

4. Paragraph 4 sets forth a legal conclusion as to Plaintiffs' class action allegations, to which no response is required at this time. To the extent any response is required, Airgas admits Plaintiffs purport to bring this case as a class action but denies Plaintiffs or the purported class are entitled to any relief sought in the Class Action Petition.

5. Paragraph 5 sets forth a legal conclusion as to Plaintiffs' class action allegations, to which no response is required at this time. To the extent any response is required, Airgas admits Plaintiffs purport to bring this case as a class action but denies Plaintiffs or the purported class are entitled to any relief sought in the Class Action Petition.

## PARTIES, JURISDICTION, AND VENUE

6. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 6, and therefore, the allegations in Paragraph 6 are deemed denied.

7. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 7, and therefore, the allegations in Paragraph 7 are deemed denied.

8. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 8, and therefore, the allegations in Paragraph 8 are deemed denied.

9. Paragraph 9 sets forth a legal conclusion as to Plaintiffs' class action allegations, to which no response is required. To the extent any response is required, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 9, and therefore, the allegations in Paragraph 9 are deemed denied.

10. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 10, and therefore, the allegations in Paragraph 10 are deemed denied.

11. Paragraph 11 sets forth a legal conclusion as to Plaintiffs' class action allegations, to which no response is required. To the extent any response is required, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 11, and therefore, the allegations in Paragraph 11 are deemed denied.

12. Paragraph 12 contains allegations not directed at Airgas and so no response is required.

13. Airgas admits it is incorporated under the laws of Delaware and has its principal place of business in Pennsylvania. Airgas admits it is the parent company of Airgas Specialty Products, Inc. Airgas denies the remaining allegations in Paragraph 13.

14. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 14, and therefore, the allegations in Paragraph 14 are deemed denied.

15. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 15, and therefore, the allegations in Paragraph 15 are deemed denied.

16. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 16, and therefore, the allegations in Paragraph 16 are deemed denied.

17. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 17, and therefore, the allegations in Paragraph 17 are deemed denied.

18. Paragraph 18 sets forth a legal conclusion to which no response is required at this time. To the extent any response is required, Airgas contends that the United States District Court for the Western District of Oklahoma has subject matter jurisdiction over this case under 28 U.S.C. § 1332(d). *See* Doc. No. 1.

19. Paragraph 19 sets forth a legal conclusion as to proper venue to which no response is required. To the extent a response is required, Airgas contends that the United States District Court for the Western District of Oklahoma is the proper venue to adjudicate Plaintiffs' and the proposed class members' claims pursuant to 28 U.S.C. § 1441(a).

## FACTUAL ALLEGATIONS

20. Airgas admits that on the evening of November 12, 2025, the Truck carrying anhydrous ammonia was parked behind the Holiday Inn Express & Suite in Weatherford, Oklahoma. Airgas lacks sufficient information to admit or deny any remaining allegations in Paragraph 20, and the same are therefore deemed denied.

21. Airgas denies that it owned, leased, operated, supplied, and/or controlled the Tanker Trailer. Airgas lacks sufficient information to admit or deny the remaining allegations in Paragraph 21, and the same are therefore deemed denied.

22. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 22, and therefore, the allegations in Paragraph 22 are deemed denied.

23. Airgas admits there was an unintentional release of anhydrous ammonia at around 10:00 p.m. At this time, due to ongoing investigation, Airgas lacks sufficient information to admit or deny any remaining allegations in Paragraph 23, and the same are therefore deemed denied.

24. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 24, and therefore, the allegations in Paragraph 24 are deemed denied.

25. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 25, and therefore, the allegations in Paragraph 25 are deemed denied.

26. Airgas admits City of Weatherford Emergency Management issued an evacuation order and subsequently a shelter-in-place order in response to the release of anhydrous ammonia. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 26, and therefore, the same are deemed denied.

27. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 27, and therefore, the allegations in Paragraph 27 are deemed denied.

28. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 28, and therefore, the allegations in Paragraph 28 are deemed denied.

29. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 29, and therefore, the allegations in Paragraph 29 are deemed denied.

30. Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 30, and therefore, the allegations in Paragraph 30 are deemed denied.

31. Airgas denies the allegations set forth in Paragraph 31.

32. Airgas denies the allegations set forth in Paragraph 32.

**CLASS ACTION ALLEGATIONS**

33. Airgas admits Plaintiffs purport to bring this action on behalf of the proposed class defined in Paragraph 33. Airgas denies the proposed class is proper and further denies that the action may be certified or maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

34. Paragraph 34 sets forth legal conclusions as to Plaintiffs' class action allegations, to which no response is required at this time. To the extent a response is required, Airgas denies the proposed class is proper and further denies that the action may be certified or maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

35. Paragraph 35 sets forth a statement that does not require a response. To the extent that a response is required, Airgas denies any allegations in Paragraph 35 and denies that Plaintiffs can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

36. Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 36, and therefore, the allegations in Paragraph 36 are deemed denied.

37. Paragraph 37 sets forth legal conclusions to which no response should be required at this time. To the extent a response is required, Airgas denies the contentions set forth in Paragraph 37, including all subparagraphs thereof.[2]

38. Paragraph 38 sets forth legal conclusions to which no response should be required at this time. To the extent a response is required, Airgas denies the contentions set forth in Paragraph 38.

39. Paragraph 39 sets forth legal conclusions to which no response should be required at this time. To the extent a response is required, Airgas denies the contentions set forth in Paragraph 39.

40. Paragraph 40 sets forth legal conclusions to which no response should be required at this time. To the extent a response is required, Airgas denies the contentions set forth in Paragraph 40, including all subparagraphs thereof.

## CLAIMS FOR RELIEF
## COUNT I – NEGLIGENCE
## (Against All Defendants)

41. Airgas re-alleges and incorporates by reference all preceding paragraphs as if set out in full.

42. Paragraph 42 contains legal conclusions to which no response from Airgas is required at this time. To the extent a response is required, Airgas denies it breached any duty it may have owed to Plaintiffs or proposed class members.

[2] There are two Paragraph 37s in the Class Action Petition. The same response applies to each.

43. Airgas denies the allegations set forth in Paragraph 43, including all subparagraphs thereof.

45. Airgas denies the allegations set forth in Paragraph 45.[3]

**COUNT II – NEGLIGENCE PER SE**
**(Against All Defendants)**

46. Airgas re-alleges and incorporates by reference all preceding paragraphs as if set out in full.

47. Airgas denies the allegations set forth in Paragraph 47.

48. Paragraph 48 contains legal conclusions to which no response from Airgas is required at this time. To the extent a response is required, Airgas lacks sufficient information to admit or deny the allegations in Paragraph 48, and the same are therefore deemed denied.

49. Airgas denies the allegations set forth in Paragraph 49.

**COUNT III – STRICT LIABILITY FOR ABNORMALLY DANGEROUS ACTIVITY**
**(Against All Airgas Defendants)**

50. Airgas re-alleges and incorporates by reference all preceding paragraphs as if set out in full.

51. Paragraph 51 contains legal conclusions to which no response from Airgas is required at this time. To the extent a response is required, Airgas denies the contentions in Paragraph 51.

52. Airgas denies the allegations set forth in Paragraph 52.

[3] The Class Action Petition skips from Paragraph 43 to Paragraph 45, so this Answer does the same.

**COUNT IV – PUBLIC AND PRIVATE NUISANCE**
**(Against All Defendants)**

53. Airgas re-alleges and incorporates by reference all preceding paragraphs as if set out in full.

54. Airgas denies the allegations set forth in Paragraph 54.

55. Airgas denies the allegations set forth in Paragraph 55.

**COUNT V – TRESPASS TO LAND**
**(Against All Defendants)**

56. Airgas re-alleges and incorporates by reference all preceding paragraphs as if set out in full.

57. Airgas denies the allegations set forth in Paragraph 57.

58. Airgas denies the allegations set forth in Paragraph 58.

**COUNT VI – PREMISES LIABILITY / NEGLIGENT FAILURE TO WARN**
**(Against Hotel Owner and IHG Defendants)**

59. Airgas re-alleges and incorporates by reference all preceding paragraphs as if set out in full.

60. Paragraph 60 contains allegations not directed at Airgas and so no response is required.

61. Paragraph 61, including all subparagraphs thereof, contains allegations not directed at Airgas and so no response is required.

62. Paragraph 62 contains allegations not directed at Airgas and so no response is required.

**COUNT VII – PUNITIVE DAMAGES**
**(Against All Defendants)**

63. Airgas re-alleges and incorporates by reference all preceding paragraphs as if set out in full.

64. Airgas denies the allegations set forth in Paragraph 64.

**DAMAGES**

65. Airgas denies that Plaintiffs or the proposed class are entitled to any of the relief set forth in Paragraph 65, including all subparagraphs thereof.

66. Airgas denies that Plaintiffs or the proposed are entitled to any of the relief set forth in Paragraph 66, including all subparagraphs thereof.

**PRAYER FOR RELIEF**

Airgas denies that Plaintiffs or the proposed are entitled to any of the relief set forth in the "WHEREFORE" Paragraphs, including all subparagraphs thereof.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden of proof imposed on Plaintiffs under the law, and without assuming any burden or obligation other than that imposed by operation of law, Airgas asserts the following Affirmative and/or Additional Defenses to the claims set forth in Plaintiffs' Class Action Petition and reserves the right to seek leave to amend or supplement these Defenses as discovery and further investigation warrant:

1. Plaintiffs have failed, in whole or in part, to state claims upon which relief may be granted.

2. The transportation of anhydrous ammonia is not an ultrahazardous or abnormally dangerous activity.

3. Plaintiffs and/or the proposed class members may lack standing to assert the claims identified in the Class Action Petition.

4. This suit may not properly be maintained as a class action. If a class is certified, Airgas asserts the affirmative defenses set forth herein against each and every member of the certified class.

5. Any alleged mechanical failure, gasket failure, valve failure, or other failure causing the alleged release may have been caused by other persons or entities beyond Airgas's control.

6. Plaintiffs' claims are barred, in whole or in part, under the doctrines of release, agreement, accord, and satisfaction.

7. Plaintiffs' claims are barred, in whole or in part, under the doctrines of ratification, waiver, estoppel, quasi-estoppel, equitable estoppel, laches, and/or the economic loss rule.

8. Plaintiffs' claims are barred, in whole or in part, under the doctrines of contributory or comparative negligence.

9. Airgas has acted in compliance with all applicable laws, regulations, and industry customs.

10. Plaintiffs are not entitled to punitive damages.

11. Plaintiffs may have failed to name third parties who are indispensable to the relief requested in this lawsuit.

12. The claims asserted in this case may be barred in whole or in part by the Plaintiffs' or proposed class member's failure to mitigate alleged damages, if any.

13. Plaintiffs' claims for non-economic damages may be limited by applicable statute or other law.

14. Oklahoma law does not recognize "medical monitoring" or the costs of "future health evaluations" for persons without a present, concrete personal injury.

15. Plaintiffs' or the proposed class's state law claims may be preempted, in whole or in part, by federal rules, regulations, or statutes.

16. Airgas specifically denies any responsibility for punitive or exemplary damages. If this Court finds that such damages are recoverable, such exemplary damages are limited by 23 Okla. Stat. § 9.1. In addition, Plaintiffs cannot recover any punitive damages that are constitutionally excessive. Airgas invokes all limitations, requirements, and protections provided in 23 Okla. Stat. § 9.1, including, without limitation, the requirement that Plaintiffs prove by clear-and-convincing evidence the right to recover and the elements of exemplary damages.

17. Awarding punitive damages would violate Airgas's constitutional rights, including its right to equal protection and due process under Article 2, Section 7 of the Oklahoma Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. Awarding punitive damages would also be an unconstitutional taking under Article 2, Section 23 of the Oklahoma Constitution and the Fifth and Fourteenth Amendments to the United States Constitution. In addition, awarding punitive damages would violate the prohibitions against excessive fines and cruel or

unusual punishment under Article 2, Section 9 of the Oklahoma Constitution and the Eighth Amendment to the United States Constitution. Among other things, awarding punitive damages would be a constitutional violation, because:

a. Oklahoma law regarding punitive damages is unconstitutionally vague and does not provide sufficient notice of the conduct that could be punished and the severity of the punishment;

b. The unconstitutional vagueness of Oklahoma law results in arbitrary and discriminatory awards;

c. Oklahoma law does not provide adequate substantive and procedural safeguards to prevent arbitrary, excessive, and unconstitutional awards;

d. Oklahoma law does not provide adequate and meaningful guidance to fact finders when they award punitive damages, leaving such awards to arbitrary determinations by the fact finders;

e. Oklahoma law does not require that liability for and the amount of punitive damages be proven beyond a reasonable doubt;

f. Punitive damages are a windfall to plaintiffs, making such damages an unconstitutional taking; and

g. Punitive damages are not available for lawful conduct inside of Oklahoma, for conduct outside of Oklahoma, for conduct that has already been punished, for the conduct of another party, or for harm to others besides the plaintiff.

18. Plaintiffs cannot establish the elements of Rule 23 of the Federal Rules of Civil Procedure required to certify a proposed class in this case because:

a. The proposed class definition is improper and the proposed class is not ascertainable.

b. The numerosity requirement may not be met if a proper class is defined.

c. There are no questions of law or fact common to the proposed class.

d. Plaintiffs' claims are not typical of the proposed class.

e. Plaintiffs may not be an adequate class representative.

f. Individual issues will predominate of any common issues.

g. The class action device is not superior to other methods of litigation for resolving the proposed class members' claims.

19. Adjudication of the claims of the putative class alleged by Plaintiffs through generalized class-wide proof would violate Airgas's right to trial by jury guaranteed by the Oklahoma and United States Constitutions.

20. Plaintiffs' claims in a representative capacity are barred, in whole or in part, by *res judicata* and collateral estoppel to the extent members of the putative class alleged by Plaintiffs were parties in prior litigation or claims against Airgas in which they alleged some or all of the claims alleged in this cause, and that prior litigation or claim was dismissed with prejudice in an enforceable final judgment or release, including but not limited to another class action settlement and/or judgment.

21. Airgas's alleged liability, if any, is limited to several liability only; joint-and-several liability cannot be imposed.

22. Airgas reserves the right to supplement its defenses as discovery and investigation of this case progress.

**WHEREFORE**, having fully answered, Airgas prays that Plaintiffs take nothing by way of this action against Airgas, that the Court enter judgment for Airgas and against Plaintiffs on all Plaintiffs' claims, that Airgas recovers all costs incurred in defending this action, including reasonable attorneys' fees, and for such other and further relief, including general relief, as the Court deems just and equitable.

Submitted on January 2, 2026.

*/s/J. Todd Woolery*
J. Todd Woolery, OBA #18882
Jodi C. Wetzel, OBA #22107
Patrick L. Stein, OBA #30737
Katherine M. Crowley, OBA #35094
McAfee & Taft A Professional Corporation
Eighth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
todd.woolery@mcafeetaft.com
jodi.wetzel@mcafeetaft.com
patrick.stein@mcafeetaft.com
katie.crowley@mcafeetaft.com

**Attorneys for Defendants Airgas Specialty Products, Inc. and Airgas, Inc.**