## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

(1) **LARRY BROWN**,
(2) **GARY ALBERT**, and
(3) **STACY ALBERT**, individually and on
　　 behalf of all others similarly situated,

　　　　Plaintiffs,

v.

(1) **AIRGAS SPECIALTY PRODUCTS,
　　 INC.**, a foreign corporation,
(2) **AIRGAS, INC.**, a foreign corporation,
(3) **IHG HOTELS & RESORTS, PLC**,
　　 a foreign corporation,
(4) **IHG FRANCHISOR, LLC**, a foreign
　　 limited liability company,
(5) **CHAMPION HOTELS AND
　　 DEVELOPMENT COMPANY OF
　　 OKLAHOMA, LLC**, an Oklahoma
　　 limited liability company, and
(6) **JOHN DOES 1-10**,

　　　　Defendants.

*and*

(1) **CHAMPION HOTELS AND
　　 DEVELOPMENT COMPANY OF
　　 OKLAHOMA, LLC**, an Oklahoma
　　 limited liability company

　　　　Third-Party Plaintiff,

v.

(1) **JOHN DOES 1-70**,

　　　　Third-Party Defendants.

Case No.: 5:25-cv-01473-HE

## DEFENDANT, CHAMPION HOTELS AND DEVELOPMENT OF OKLAHOMA,
## LLC'S ANSWER, CROSS-CLAIMS AGAINST AIRGAS DEFENDANTS, AND
## <u>THIRD-PARTY CLAIMS AGAINST JOHN DOE THIRD-PARTY DEFENDANTS</u>

Defendant, Champion Hotels and Development Company of Oklahoma, LLC ("Champion"), for its Answer to Plaintiffs' Class Action Petition, states:

Unless expressly admitted, Champion denies each and every allegation contained in the Class Action Petition and demands strict proof thereof. Champion denies that Plaintiffs are entitled to any relief from Champion.

## NATURE OF THE ACTION

1.     Champion is without sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiffs' Class Action Petition and, therefore, denies the same.

2.     Champion is without sufficient information to admit or deny the allegations in Paragraph 2 of Plaintiffs' Class Action Petition and, therefore, denies the same.

3.     Regarding Paragraph 3 of Plaintiffs' Class Action Petition, Champion denies the allegations.

4.     Regarding Paragraph 4 of Plaintiffs' Class Action Petition, Champion denies the allegations.

5.     Regarding Paragraph 5 of Plaintiffs' Class Action Petition, Champion admits Plaintiffs purport to assert a class action but denies that this action may properly proceed as a class action. Allegations concerning governing law constitute legal conclusions regarding venue to which no response is required.

## PARTIES, JURISDICTION, AND VENUE

6.     Champion is without sufficient information to admit or deny the allegations in Paragraph 6 of Plaintiffs' Class Action Petition and, therefore, denies the same.

7.     Champion is without sufficient information to admit or deny the allegations in Paragraph 7 of Plaintiffs' Class Action Petition and, therefore, denies the same.

8.     Champion is without sufficient information to admit or deny the allegations in Paragraph 8 of Plaintiffs' Class Action Petition and, therefore, denies the same.

9.     Champion denies the allegations in Paragraph 9 of Plaintiffs' Class Action Petition.

10.     Regarding Paragraph 10 of Plaintiffs' Class Action Petition, Champion admits the existence of the Holiday Inn Express & Suites located near 1311 E. Main Street, Weatherford, Oklahoma, and that an emergency incident occurred in the vicinity; Champion denies all remaining allegations.

11.     Champion is without sufficient information to admit or deny the allegations in Paragraph 11 of Plaintiffs' Class Action Petition and, therefore, denies the same.

12.     Paragraph 12 of Plaintiffs' Class Action Petition is not directed at this Defendant and thus no response is necessary; however, if a response is required, Champion is without sufficient information to admit or deny the allegations in Paragraph 12 and therefore, denies the same.

13.     Paragraph 13 of Plaintiffs' Class Action Petition is not directed at this Defendant and thus no response is necessary; however, if a response is required, Champion is without sufficient information to admit or deny the allegations in Paragraph 13 and therefore, denies the same.

14.     Paragraph 14 of Plaintiffs' Class Action Petition is not directed at this Defendant and thus no response is necessary; however, if a response is required, Champion is without sufficient information to admit or deny the allegations in Paragraph 14 and therefore denies the same.

15.     Paragraph 15 of Plaintiffs' Class Action Petition is not directed at this Defendant and thus no response is necessary; however, if a response is required, Champion is without

sufficient information to admit or deny the allegations in Paragraph 15 and therefore, denies the same.

16.     Regarding Paragraph 16 of Plaintiffs' Class Action Petition, Champion admits that it has an office at 3048 N. Grand Boulevard, Oklahoma City, Oklahoma. Champion admits that a hotel is located at or near 1311 E. Main Street, Weatherford, Oklahoma. Champion denies all remaining allegations. By way of further answer, Champion states the hotel referenced exists on property owned by Blessing Investments, LLC, and Kajal Inn, LLC; and Stacey Inn Partnership is the lessee of the property.

17.     Paragraph 17 of Plaintiffs' Class Action Petition is not directed at this Defendant and thus no response is necessary; however, if a response is required, Champion is without sufficient information to admit or deny the allegations in Paragraph 17 and therefore, denies the same.

18.     Champion is without sufficient information to admit or deny the allegations in Paragraph 18 of Plaintiffs' Class Action Petition and, therefore, denies the same.

19.     The allegations in Paragraph 19 of Plaintiffs' Class Action Petition constitute legal conclusions regarding venue to which no response is required; to the extent a response is required, denied.

## FACTUAL ALLEGATIONS

20.     Champion is without sufficient information to admit or deny the allegations in Paragraph 20 of Plaintiffs' Class Action Petition and, therefore, denies the same.

21.     Champion is without sufficient information to admit or deny the allegations in Paragraph 21 of Plaintiffs' Class Action Petition and, therefore, denies the same.

22.    Champion is without sufficient information to admit or deny the allegations in Paragraph 22 of Plaintiffs' Class Action Petition and, therefore, denies the same.

23.    Champion is without sufficient information to admit or deny the allegations in Paragraph 23 of Plaintiffs' Class Action Petition and, therefore, denies the same.

24.    Champion is without sufficient information to admit or deny the allegations in Paragraph 24 of Plaintiffs' Class Action Petition and, therefore, denies the same.

25.    Champion is without sufficient information to admit or deny the allegations in Paragraph 25 of Plaintiffs' Class Action Petition and, therefore, denies the same.

26.    Champion is without sufficient information to admit or deny the allegations in Paragraph 26 of Plaintiffs' Class Action Petition and, therefore, denies the same.

27.    Champion is without sufficient information to admit or deny the allegations in Paragraph 27 of Plaintiffs' Class Action Petition and, therefore, denies the same.

28.    Champion is without sufficient information to admit or deny the allegations in Paragraph 28 of Plaintiffs' Class Action Petition and, therefore, denies the same.

29.    Champion is without sufficient information to admit or deny the allegations in Paragraph 29 of Plaintiffs' Class Action Petition and, therefore, denies the same.

30.    Champion is without sufficient information to admit or deny the allegations in Paragraph 30 of Plaintiffs' Class Action Petition and, therefore, denies the same.

31.    Paragraph 31 of Plaintiffs' Class Action Petition is denied.

32.    Paragraph 32 of Plaintiffs' Class Action Petition is denied.

## CLASS ACTION ALLEGATIONS

33.    Regarding Paragraph 33 of Plaintiffs' Class Action Petition, Champion denies that the proposed class is properly defined or certifiable. Allegations concerning governing law and

other legal allegations constitute legal conclusions regarding venue to which no response is required.

34.    Regarding Paragraph 34 of Plaintiffs' Class Action Petition, Champion admits only that Plaintiffs purport to define exclusions; all remaining allegations are denied.

35.    Paragraph 35 of Plaintiffs' does not contain any allegations and thus no response is necessary; to the extent a response is required, denied.

36.    Paragraph 36 of Plaintiffs' Class Action Petition is denied.

37.    There are two paragraphs designated as Paragraph 37 of Plaintiffs' Class Action Petition. Both of these paragraphs, including subparts, are denied.

38.    Paragraph 38 of Plaintiffs' Class Action Petition is denied.

39.    Paragraph 39 of Plaintiffs' Class Action Petition is denied.

40.    Paragraph 40 of Plaintiffs' Class Action Petition, including sub-parts, is denied.

## COUNT I – NEGLIGENCE
### (All Defendants)

41.    Champion incorporates by reference all responses above as if fully set forth herein.

42.    Paragraph 42 of Plaintiffs' Class Action Petition is denied.

43.    Paragraph 43 of Plaintiffs' Class Action Petition, including sub-parts, is denied.

44.    There is no Paragraph 44 in Plaintiffs' Class Action Petition to respond to.

45.    Paragraph 45 of Plaintiffs' Class Action Petition is denied.

## COUNT II – NEGLIGENCE PER SE
### (All Defendants)

46.    Champion incorporates by reference all responses above as if fully set forth herein.

47.    Paragraph 47 of Plaintiffs' Class Action Petition is denied.

48.    Paragraph 48 of Plaintiffs' Class Action Petition is denied.

49.     Paragraph 49 of Plaintiffs' Class Action Petition is denied.

## COUNT III – STRICT LIABILITY FOR ABNORMALLY DANGEROUS ACTIVITY
### (Airgas Defendants)

50.     Champion incorporates by reference all responses above as if fully set forth herein.

51.     Paragraph 51 of Plaintiffs' Class Action Petition is not directed at Champion and thus no response is necessary; to the extent a response is required, Champion denies the same.

52.     Paragraph 52 of Plaintiffs' Class Action Petition is not directed at Champion and thus no response is necessary; to the extent a response is required, Champion denies the same.

## COUNT IV – PUBLIC AND PRIVATE NUISANCE
### (All Defendants)

53.     Champion incorporates by reference all responses above as if fully set forth herein.

54.     Paragraph 54 of Plaintiffs' Class Action Petition is denied.

55.     Paragraph 55 of Plaintiffs' Class Action Petition is denied.

## COUNT V – TRESPASS TO LAND
### (All Defendants)

56.     Champion incorporates by reference all responses above as if fully set forth herein.

57.     Paragraph 57 of Plaintiffs' Class Action Petition is denied.

58.     Paragraph 58 of Plaintiffs' Class Action Petition is denied.

## COUNT VI – PREMISES LIABILITY / NEGLIGENT FAILURE TO WARN
### (Hotel Owner and IHG Defendants)

59.     Champion incorporates by reference all responses above as if fully set forth herein.

60.     Paragraph 60 of Plaintiffs' Class Action Petition is denied.

61.     Paragraph 61 of Plaintiffs' Class Action Petition, including sub-parts, is denied.

62.     Paragraph 62 of Plaintiffs' Class Action Petition is denied.

**COUNT VII – PUNITIVE DAMAGES**
**(All Defendants)**

63.    Champion incorporates by reference all responses above as if fully set forth herein.

64.    Paragraph 64 of Plaintiffs' Class Action Petition is denied.

**DAMAGES**

65.    Regarding Paragraph 65 of Plaintiffs' Class Action Petition, Champion denies that Plaintiffs suffered recoverable damages attributable to Champion. The remainder of Paragraph 65 of Plaintiffs' Class Action Petition is not directed at Champion and thus no response is necessary; nevertheless, to the extent a response is required, Champion denies the same, including all sub-parts thereof.

66.    Paragraph 66 of Plaintiffs' Class Action Petition is denied.

**PRAYER FOR RELIEF**

67.    Regarding the WHEREFORE Paragraph of Plaintiffs' Class Action Petition, Champion denies Plaintiffs are entitled to any relief requested. Champion asks that judgment be granted in Champion's favor, and that Plaintiffs take nothing.

68.    Regarding the JURY DEMAND, Plaintiffs' demand requires no response. To the extent necessary, Champion denies Plaintiffs are entitled to any relief or trial with respect to any claims asserted herein against Champion.

**AFFIRMATIVE DEFENSES**

1.    Failure to state a claim on which relief can be granted.

2.    Respondeat superior is not a cause of action in Oklahoma.

3.    "Negligent Failure to Warn and Protect" is not a cause of action in Oklahoma.

4.    Contributory negligence.

5.    Comparative negligence.

8

6.    Lack of foreseeability.

7.    Assumption of the risk.

8.    Any actions and/or omissions of Defendants, Airgas Specialty Products, Inc., and Airgas, Inc., were outside the control of Champion.

9.    No act or omission by Champion was a proximate cause of injury or damages to Plaintiffs.

10.    No act or omission by Champion was a factual or but-for cause of injury or damages to Plaintiffs.

11.    To the extent the personnel for Airgas Specialty Products, Inc., and Airgas, Inc., were staying at the Holiday Inn Express & Suites, 1311 E. Main Street, Weatherford, Oklahoma (the "Hotel") during the "Incident" alleged by Plaintiffs, Champion complied with all relevant state and federal laws regarding public accommodations.

12.    Plaintiffs have not specified applicable codes, regulations, and/or laws that give rise to their claim against Champion for *negligence per se*. Accordingly, Plaintiffs have failed to demonstrate that the type of injury/injuries alleged were caused by the violation of the unspecified applicable statutes and/or regulations, or intended to be prevented by the unspecified applicable statutes and/or regulations.

13.    Champion neither knew, nor could have known, about the condition(s) and/or danger(s) alleged in Plaintiffs' Class Action Petition.

14.    The condition(s) and/or danger(s) alleged in Plaintiffs' Class Action Petition were open and obvious such that one would reasonably expect them to be discovered.

15.    Plaintiffs have not alleged that Champion physically invaded Plaintiffs' property.

16.    Plaintiffs have not proved, and cannot prove, their allegations by clear and convincing evidence.

17.    Plaintiffs' claims are preempted by federal law.

18.    Plaintiffs' claims are foreclosed by workers' compensation law.

19.    Plaintiff's claims are foreclosed by Oklahoma and federal law.

20.    Estoppel.

21.    Laches.

22.    Release.

23.    Waiver.

24.    Failure to mitigate.

25.    The Firefighter's Rule bars recovery.

26.    Accord and satisfaction.

27.    Necessity.

28.    Champion hereby adopts all affirmative defenses raised by any other Defendant, Cross-Defendant, or Third-Party Defendant.

29.    Champion reserves the right to assert other affirmative defenses throughout the course of this matter.

## CROSSCLAIMS[1]

Defendant and Cross-Claimant, Champion Hotels and Development Company of Oklahoma, LLC ("Champion"), asserts the following crossclaims pursuant to Federal Rule of Civil

---

[1]    Champion, out of an abundance of caution and to preserve all claims for any substituted proper party, asserts crossclaims against the Airgas Defendants. Champion does not in asserting the claims contend or admit it is or should be a party to this lawsuit. Champion maintains it is not a proper party and has been incorrectly named herein.

Procedure 13(g) against Defendants, Airgas Specialty Products, Inc., and Airgas, Inc. (collectively, the "Airgas Defendants"):

## PARTIES, JURISDICTION, AND VENUE

1.      Champion is an Oklahoma limited liability company doing business in Oklahoma.

2.      Defendant, Airgas Specialty Products, Inc. ("Airgas Specialty"), is a Delaware corporation registered to do business in Oklahoma.

3.      Defendant, Airgas, Inc. ("Airgas") (together with Airgas Specialty, the "Airgas Defendants"), is a Delaware corporation. Upon information and belief, Airgas, Inc., does business in Oklahoma by and through Airgas Specialty Products, Inc. Upon information and belief, Airgas, Inc., a subsidiary of Air Liquide, is the parent corporation of Airgas Specialty Products, Inc., and exercises control over Airgas Specialty Products, Inc. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims allegedly occurred within this District.

## FACTUAL ALLEGATIONS

5.      On or around November 12, 2025, the driver ("Driver") of a tanker truck owned and operated by the Airgas Defendants and carrying anhydrous ammonia (the "Truck") parked the Truck in a parking lot located at the Holiday Inn Express & Suites, 1311 E. Main Street, Weatherford, Oklahoma (the "Hotel"). Plaintiffs in other actions pending in Oklahoma state court have identified the Driver on information and belief as Lajuan Hall; however, this has not been independently verified by Champion.

6.      At all relevant times, the Driver was acting as the Airgas Defendants' employee or agent. At all relevant times, the Airgas Defendants owed Champion a duty to select, train, and supervise the Driver and other Airgas Defendants' personnel and agents to protect Champion and others from injury.

7.      The Driver, upon information and belief, was seeking lodging at the Hotel.

8.      Upon information and belief, the Driver did not inform Hotel personnel that the Truck contained anhydrous ammonia.

9.      Upon information and belief, the Driver did not inform Hotel personnel where the Truck was parked.

10.      On or around the evening of November 12, 2025, the Truck's tank began to release anhydrous ammonia (the "Release").

11.      As a result of the Release, anhydrous ammonia spread from the Truck's tank to the Hotel's parking lot, grounds, and premises.

12.      The Release was caused and/or permitted by the Airgas Defendants.

13.      Champion sustained damages as a result of the Release.

## COUNT I – NEGLIGENCE
### (All Cross-Defendants)

14.      Champion incorporates by reference all allegations set forth above as if fully set forth herein.

15.      The Airgas Defendants, including the Driver and all other Airgas personnel and agents, owed a duty to Champion to protect Champion from injury.

16.      The Airgas Defendants failed to properly perform their duty to protect Champion from injury by causing and/or permitting the Release to occur.

17. The damages suffered by Champion were proximately caused by the Airgas Defendants' failure to properly perform their duty.

18. As a direct and proximate result of the negligence of the Airgas Defendants, Champion has sustained damages, including, but not limited to, property damage, remediation costs, business interruption losses, and other recoverable damages under Oklahoma law, in an amount to be proven at trial.

## COUNT II – NEGLIGENCE PER SE
### (All Cross-Defendants)

19. Champion incorporates by reference all allegations set forth above as if fully set forth herein.

20. At all times relevant to this action, the Airgas Defendants were subject to local, state, and/or federal regulations, statutes, and/or ordinances governing the handling, storage, transportation, maintenance, and parking of anhydrous ammonia and any related byproducts.

21. The injuries sustained by Champion as a result of the Release were caused by the Airgas Defendants' violation of the applicable regulations, statutes, and/or ordinances.

22. The injuries sustained by Champion as a result of the Release are of the type intended to be prevented by the applicable regulations, statutes, and/or ordinances.

23. Champion is of the class meant to be protected by the applicable regulations, statutes, and/or ordinances.

24. As a direct and proximate result of the Airgas Defendants' negligence *per se*, Champion has sustained damages, including, but not limited to, property damage, response and remediation expenses, and other damages recoverable under Oklahoma law, in an amount to be determined at trial.

## COUNT III – STRICT LIABILITY FOR
## ABNORMALLY DANGEROUS ACTIVITY
### (All Cross-Defendants)

25.     Champion incorporates by reference all allegations set forth above as if fully set forth herein.

26.     The handling, storage, transportation, maintenance, and parking of anhydrous ammonia and any related byproducts by the Airgas Defendants in this action constitutes an abnormally dangerous activity because it:

      a.   Gave rise to the existence of a high degree of risk of harm to some person, land, or property of others, including Champion;

      b.   Carried an increased likelihood that resulting harm would be great;

      c.   Could not be eliminated by the exercise of reasonable care;

      d.   Was not a matter of common usage;

      e.   Was inappropriate to the place where it was carried on; and

      f.   Carried greater weight of danger than value to the community.

27.     Because the handling, storage, transportation, maintenance, and parking of anhydrous ammonia and any related byproducts by the Aigas Defendants in this action constitutes an abnormally dangerous activity, Airgas Defendants are liable even if they exercised care to prevent the injuries sustained by Champion.

28.     As a direct and proximate result of the Airgas Defendants' strict liability, Champion has sustained damages, including, but not limited to, property damage, response and remediation expenses, and other damages recoverable under Oklahoma law, in an amount to be determined at trial.

## COUNT IV – TRESPASS
**(All Cross-Defendants)**

29.     Champion incorporates by reference all allegations set forth above as if fully set forth herein.

30.     The Release caused anhydrous ammonia to enter Champion's real property.

31.     By causing and/or permitting the Release, the Airgas Defendants trespassed on Champion's real property.

32.     Champion did not consent to the Release.

33.     Champion suffered damages as a result of the Airgas Defendants' trespass.

34.     As a direct and proximate result of the Airgas Defendants' trespass, Champion has sustained damages, including, but not limited to, property damage, response and remediation expenses, and other damages recoverable under Oklahoma law, in an amount to be determined at trial.

## COUNT V – PUBLIC NUISANCE
**(All Cross-Defendants)**

35.     Champion incorporates by reference all allegations set forth above as if fully set forth herein.

36.     Airgas Defendants causing or permitting the Release:

a.   Annoyed, injured, and endangered the comfort, repose, health, and/or safety of others, including Champion;

b.   Offended decency; and

c.   Rendered other persons, including Champion, insecure in life and/or in the use of property.

37.     The Release simultaneously affected an entire community, neighborhood, or considerable number of persons, including Champion.

38.     Champion suffered damages as a result of the public nuisance created by the actions and/or omissions of the Airgas Defendants.

39.     As a direct and proximate result of the Airgas Defendants' public nuisance, Champion has sustained damages, including, but not limited to, property damage, response and remediation expenses, and other damages recoverable under Oklahoma law, in an amount to be determined at trial.

<u>**COUNT VI – PRIVATE NUISANCE**</u>
**(All Cross-Defendants)**

40.     Champion incorporates by reference all allegations set forth above as if fully set forth herein.

41.     Airgas Defendants causing or permitting the Release:

  a.   Annoyed, injured, and endangered the comfort, repose, health, and/or safety of others, including Champion;

  b.   Offended decency; and

  c.   Rendered other persons, including Champion, insecure in life and/or in the use of property.

42.     To the extent the nuisance created by the Airgas Defendants is not a public nuisance, it constitutes a private nuisance.

43.     Champion suffered damages as a result of the private nuisance created by the actions and/or omissions of the Airgas Defendants.

44.     As a direct and proximate result of the Airgas Defendants' private nuisance, Champion has sustained damages, including, but not limited to, property damage, response and

remediation expenses, and other damages recoverable under Oklahoma law, in an amount to be determined at trial.

### COUNT VII – GROSS NEGLIGENCE
**(All Cross-Defendants)**

45.     Champion incorporates by reference all allegations set forth above as if fully set forth herein.

46.     All acts and omissions of the Airgas Defendants detailed herein, including in Champion's "Factual Allegations" and other Causes of Action, demonstrate a total disregard of Champion's rights.

47.     Because the acts and omissions of the Airgas Defendants demonstrate a total disregard of Champion's rights, those acts and omissions may be likened to positive misconduct and evince a conscious indifference to predictable adverse consequences.

48.     Champion suffered damages as a result of the Airgas Defendants' gross negligence.

49.     Champion is entitled to recover all actual and consequential damages with respect to the Airgas Defendants' gross negligence, as well as all other damages provided for by Oklahoma law.

50.     Pursuant to 23 O.S. § 9.1, Champion is entitled to recover punitive damages with respect to the Airgas Defendants' gross negligence.

### PRAYER FOR RELIEF

WHEREFORE, Defendant and Cross-Claimant, Champion Hotels and Development Company of Oklahoma, LLC, respectfully requests that the Court enter judgment in its favor and against Defendants, Airgas Specialty Products, Inc., and Airgas, Inc., awarding Champion:

A.     Its actual and consequential damages;

B.     Punitive damages to the fullest extent permitted by 23 O.S. § 9.1;

17

C.    Its attorneys' fees and costs;

D.    Pre-judgment and post-judgment interest; and

E.    Any further relief that this Court deems just and proper.

### THIRD-PARTY CLAIMS

Defendant/Third-Party Plaintiff Champion Hotels and Development Company of Oklahoma, LLC ("Champion"), pursuant to Federal Rule of Civil Procedure 14(a), alleges against the Third-Party Defendants as follows:

### PARTIES

1.    Holiday Inn Express & Suites is located near 1311 E. Main Street, Weatherford, Oklahoma.

2.    The Class Action Plaintiffs who filed the initial lawsuit assert claims for personal injury, property damage, economic loss, and medical monitoring allegedly arising from an anhydrous ammonia release occurring on November 12–13, 2025.

3.    The operative state court petition alleges that the release originated from a pressurized tanker truck transporting approximately 25,000 pounds of liquefied anhydrous ammonia.

4.    The petition further alleges that the release was caused by a mechanical failure involving a valve, gasket, seal, pressure component, or related containment mechanism.

5.    John Doe Defendant 1 is the Driver ("Driver") of a tanker truck owned and operated by the Airgas Defendants which, on or around November 12, 2025, was carrying anhydrous ammonia. The Driver drove and parked the truck at or near the hotel premises as alleged above. As alleged above, plaintiffs in cases pending in state court have identified the Driver on information and belief as Lajuan Hall; however, this has not been independently verified by

Champion. Champion intends to identify the Driver by name when the Driver's identity is reasonably ascertainable.

6.      John Doe Defendants 2–15 are business entities presently unknown to Champion that designed, engineered, manufactured, fabricated, assembled, distributed, loaned, leased, rented, sold, or provided the tanker vessel or component parts thereof, including valves, seals, gaskets, pressure-relief devices, regulators, or ammonia-containment equipment.

7.      John Doe Defendants 16–25 are business entities presently unknown to Champion that performed inspection, certification, maintenance, service, testing, repair, refurbishment, regulatory compliance verification, or safety inspection of the tanker truck or its component parts.

8.      John Doe Defendants 26–35 are business entities presently unknown to Champion that provided hazardous-materials operational training, safety instruction, compliance certification, operational procedures, or emergency response instruction to the transporting company and/or its Driver.

9.      John Doe Defendants 36–45 are business entities presently unknown to Champion that loaded, filled, pressurized, transferred, or prepared the tanker truck with anhydrous ammonia prior to transport.

10.     John Doe Defendants 46–55 are individuals or business entities presently unknown to Champion that employed, hired, trained, selected, directed, managed, supervised, or were otherwise responsible for Driver's being in charge of, driving, and parking the Truck at or around the time of the incident.

11.     John Doe Defendants 56–70 are parties presently unknown to Champion that, in various ways which may be unknown to Champion at this time, caused damage or injury to Champion.

12.     The John Doe Defendants, including the Driver, are Third-Party Defendants. Champion will amend this pleading to substitute the true identities of the Third-Party Defendants when ascertained through discovery.

## FACTUAL ALLEGATIONS

13.     The tanker truck described in the class action petition constitutes a specialized pressurized hazardous-materials transport vessel designed to contain liquefied anhydrous ammonia under pressure.

14.     Safe containment of anhydrous ammonia requires proper engineering design, manufacturing tolerances, material integrity, seal integrity, valve function, and pressure-relief capability.

15.     A release of ammonia from such a tanker necessarily results from a failure of a containment component, operational procedure, maintenance procedure, loading procedure, or safety protocol.

16.     Champion did not design, manufacture, assemble, inspect, maintain, fill, load, pressurize, certify, or repair the tanker truck or any of its component parts.

17.     Champion did not provide operational or safety training to the Driver or transporting company, including personnel, operators, supervisors, and agents of the transporting company.

18.     Champion did not possess, control, or exercise custody over the tanker truck or its internal pressure-containment system.

19.     Any liability asserted against Champion arises solely from Champion's alleged status as owner or operator of real property where the truck was temporarily parked.

20.     The ammonia release alleged by Plaintiffs was caused by a failure in the tanker containment system and not by any condition inherent to the premises.

21.     Any liability imposed upon Champion would therefore be secondary, derivative, and vicarious in nature

### COUNT I — CONTRIBUTION
**(All Third-Party Defendants)**

22.     Champion incorporates paragraphs 1 through 21.

23.     Plaintiffs seek recovery from Champion for damages allegedly arising from the ammonia release.

24.     Each Third-Party Defendant owed duties to members of the public, including Plaintiffs, to design, manufacture, inspect, maintain, load, train, and certify hazardous materials equipment in a reasonably safe manner.

25.     Each Third-Party Defendant breached one or more of those duties.

26.     The breaches caused or contributed to the containment failure and resulting release of ammonia.

27.     The same occurrence forms the basis of Plaintiffs' claims against Champion.

28.     In the event Champion is found liable to Plaintiffs, the Third-Party Defendants are jointly responsible for the same injury.

29.     Pursuant to 12 O.S. § 832 and Oklahoma comparative fault law, Champion is entitled to contribution from the Third-Party Defendants for any judgment entered against Champion.

### COUNT II — EQUITABLE / IMPLIED INDEMNITY
**(Against All Third-Party Defendants)**

30.     Champion incorporates paragraphs 1 through 29.

21

31.     The conduct attributed to Champion by the Class Action Plaintiffs is passive and derivative.

32.     The conduct of the Third-Party Defendants, if proven, would constitute active fault.

33.     Champion neither created nor had the ability to discover any internal mechanical defect in the tanker.

34.     The failure of a pressure-containment component constitutes the direct cause of the release.

35.     Oklahoma law permits indemnity where one party's liability is merely constructive and another party's liability is primary. Champion is therefore entitled to full indemnity from the Third-Party Defendants, including reimbursement of any judgment, costs, and defense expenses to the extent permitted by law.

## COUNT III — NEGLIGENCE
### (Against All Third-Party Defendants)

36.     Champion incorporates paragraphs 1 through 35.

37.     The Third-Party Defendants owed a duty to exercise reasonable care in the transportation and handling of hazardous materials.

38.     The Third-Party Defendants failed to properly inspect and maintain the tanker truck.

39.     The Third-Party Defendants failed to ensure the tanker truck was safe for operation and parking.

40.     The Third-Party Defendants failed to implement adequate monitoring and emergency procedures.

41.     The Third-Party Defendants failed to properly select, train, manage, and supervise the driver.

42.     Those failures caused the ammonia release and the damages alleged by Plaintiffs.

43.     Champion is entitled to recover from the Third-Party Defendants all sums for which Champion may be held liable.

## COUNT IV — CONTRACTUAL / COMMON-LAW INDEMNITY (IN THE ALTERNATIVE)
### (Against All Third-Party Defendants)

44.     Champion incorporates paragraphs 1 through 43.

45.     To the extent any agreements, transportation contracts, service contracts, or industry standards imposed responsibility for hazardous materials safety on the Third-Party Defendants, those obligations run to the benefit of property owners foreseeably exposed to risk.

46.     The Third-Party Defendants' breach of their safety obligations gives rise to a duty to indemnify Champion.

47.     Champion is entitled to indemnity for any judgment, settlement, costs, or attorneys' fees to the extent permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Champion respectfully requests judgment against the Third-Party Defendants as follows:

A.     Contribution for any damages assessed against Champion;

B.     Full equitable and implied indemnity;

C.     Recovery of litigation expenses and defense costs to the extent permitted by law;

D.     Such further relief as the Court deems just and proper.

Respectfully,

s/ Gideon A. Lincecum
Gideon A. Lincecum, OBA No. 19674
Peter A. Shadid, OBA No. 33609
Mark D. Myers, OBA No. 34435
Fareshteh H. Hamidi, OBA No. 34155
**STEPTOE & JOHNSON, PLLC**
Oklahoma Tower, 23rd Floor
210 Park Ave., Ste. 2300
Oklahoma City, Oklahoma 73102
Tele:  (405) 930-5151
Fax:   (405) 212-5843
gideon.lincecum@steptoe-johnson.com
peter.shadid@steptoe-johnson.com
mark.myers@steptoe-johnson.com
fareshteh.hamidi@steptoe-johnson.com

*Counsel for Defendant,*
*Champion Hotels and Development*
*Company of Oklahoma, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Clayton B. Bruner
Clayton B. Bruner, P.L.L.C.
P.O. Box 749
Weatherford, Oklahoma 73096

***Counsel for Plaintiffs***

J. Todd Woolery
Jodi C. Wetzel
Patrick L. Stein
Katerine M. Crowley
McAfee & Taft, A Professional Corporation
Eighth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102-7103

***Counsel for Defendants Airgas Specialty Products, Inc., and Airgas, Inc.***

Respectfully,

s/ Gideon A. Lincecum
Gideon A. Lincecum, OBA No. 19674
Peter A. Shadid, OBA No. 33609
Mark D. Myers, OBA No. 34435
Fareshteh H. Hamidi, OBA No. 34155
**STEPTOE & JOHNSON, PLLC**
Oklahoma Tower, 23rd Floor
210 Park Ave., Ste. 2300
Oklahoma City, Oklahoma 73102
Tele:  (405) 930-5151
Fax:   (405) 212-5843
gideon.lincecum@steptoe-johnson.com
peter.shadid@steptoe-johnson.com
mark.myers@steptoe-johnson.com
fareshteh.hamidi@steptoe-johnson.com

***Counsel for Defendant,***
***Champion Hotels and Development***
***Company of Oklahoma, LLC***