## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Larry Brown et al., individually and behalf of all others similarly situated, )<br><br>*Plaintiffs,* )<br><br>vs. )<br><br>Airgas Specialty Products, Inc., et al. )<br><br>*Defendants.* )<br><br>*and* )<br><br>Champion Hotels and Development Company of Oklahoma, LLC, )<br><br>*Third-Party Plaintiff,* )<br><br>v. )<br><br>John Does 1-70, )<br><br>*Third-Party Defendants.* ) | Case No. CIV-25-1473-HE |

## CROSS-CLAIM DEFENDANTS AIRGAS, INC. AND AIRGAS SPECIALTY PRODUCTS, INC.'S MOTION TO DISMISS AND SUPPORTING BRIEF

Cross-Claim Defendants Airgas, Inc. and Airgas Specialty Products, Inc. (collectively the "Airgas Defendants") move the Court under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Cross-Claimant Champion Hotels and Development Company of Oklahoma, LLC's ("Champion") claims against the Airgas Defendants. [ECF No. 25]. Champion's Cross-Claims sound in tort. To recover for any tort, one must have suffered an injury to person or property. But here, Champion

specifically disclaims it could have suffered any injury because, it alleges, the Hotel that could claim damages "exists on property owned by Blessing Investments, LLC, and Kajal Inn, LLC; and Stacey Inn Partnership is the lessee of the property." Champ. Ans., Doc. #25, ¶ 16. Having disclaimed any interest in the Hotel or property for which its claims are based, Champion cannot plausibly allege it has suffered any injury.

In support of the motion, the Airgas Defendants submit the following brief.

### Summary of Cross-Claims

According to Champion, on or around November 12, 2025, a tanker truck owned and operated by the Airgas Defendants carrying anhydrous ammonia was parked in a lot located at a Holiday Inn Express & Suites in Weatherford, Oklahoma (the "Hotel"). Champ. Ans., Doc. #25, ¶ 5. Champion further alleges that on the evening of November 12, 2025, the tanker truck's anhydrous ammonia cargo began to release and spread to the "Hotel's parking lot, grounds, and premises." *Id.* at ¶¶ 10-11. As a result of the release, Champion asserts Cross-Claims against the Airgas Defendants and seeks damages allegedly arising from the release. *Id.* at pp. 12-18. Relevantly, however, Champion simultaneously denies it owns or operates the Hotel that allegedly suffered the damages. The Petition alleges:

> 16.    Defendant Champion Hotels and Development Company of Oklahoma, LLC ("Champion") is an Oklahoma limited liability company with its principal place of business at 3048 N. Grand Boulevard, Oklahoma City, State of Oklahoma. At all relevant times, Champion **owned**, **leased**, **operated**, **managed**, **and/or controlled the Hotel** located near 1311 E. Main Street, Weatherford, Custer County, Oklahoma, including the parking lot where the tanker truck was parked.

(Emphasis added). Pet. Doc. #1-1, ¶ 16. Which Champion denies in material part:

> 16.    Regarding Paragraph 16 of Plaintiffs' Class Action Petition, Champion admits that it has an office at 3048 N. Grand Boulevard, Oklahoma City, Oklahoma. Champion admits that a hotel is located at or near 1311 E. Main Street, Weatherford, Oklahoma. **Champion denies all remaining allegations**. By way of further answer, **Champion states the hotel referenced exists on property owned by Blessing Investments, LLC, and Kajal Inn, LLC**; and **Stacey Inn Partnership is the lessee of the property**.

(Emphasis added). Champ. Ans., Doc. #25, ¶ 16. In a footnote, Champion goes as far as to say:

> Champion, out of an abundance of caution **and to preserve all claims for any substituted proper party**, asserts crossclaims against the Airgas Defendants. Champion does not in asserting the claims contend or admit it is or should be a party to this lawsuit. **Champion maintains it is not a proper party and has been incorrectly named herein**.

(Emphasis added). *Id.* at p. 10.[1] Champion's Answer is devoid of any reference to any property owned by Champion that has been damaged as a result of the alleged acts or omissions of the Airgas Defendants. For the reasons that follow, Champion's Cross-Claims should be dismissed.

---

[1] Champion reiterated this in its response to Plaintiffs' now-withdrawn motion to remand:

> Champion denies it owned or operated the hotel or parking lot where the incident alleged in the complaint occurred.

Doc. #27, p.2.

## Arguments and Authorities

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain well-pleaded factual allegations sufficient "'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "a formulaic recitation of the elements of a cause of action will not suffice." *Khalik*, 671 F.3d at 1191 (quotation omitted). Although the Court must accept all well-pleaded factual allegations in a complaint as true when ruling on a motion to dismiss, the Court should disregard mere labels and legal conclusions masked as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Champion's Cross-Claims should be dismissed because Champion does not plausibly allege it has suffered any actual injury. As a matter of Article III standing, Champion must show it possesses a personal stake and is not merely a bystander. *Diamond Alternative Energy, LLC v. Env't Prot. Agency*, 606 U.S. 100, 110-11, 145 S. Ct. 2121, 2133, 222 L. Ed. 2d 370 (2025), *quoting TransUnion LLC v. Ramirez*, 594 U.S. 413, 423, 141 S.Ct. 2190, 210 L.Ed.2d 568 (2021). As a matter of tort law, Champion must allege that **it**—not some hypothetical nonparty—suffered a personal injury or property damage. *See Reece v. AES Corp.*, 638 F. App'x 755, 776-78 (10th Cir. 2016) (unpublished order applying Oklahoma law and affirming dismissal of state tort claims). Champion's Cross-Claim does not do that.

4

*Reece* is instructive here. In that case, the plaintiffs were residents and property owners in and around Bokoshe, Oklahoma. *Reece*, 638 F. App'x at 758-59. They alleged fly ash from a coal-fired power plant and produced water from oil and gas operations were both improperly disposed of at a commercial waste-disposal facility that had been constructed over an abandoned strip mine. *See id.* 761-62.  They further alleged that the fly ash and produced water migrated by air and groundwater out of the disposal facility onto lands and waters around Bokoshe. *See id.* The plaintiffs' pleading recited a litany of generic categories of personal and property injuries allegedly suffered by themselves and their proposed class members. *Id.* at 762. But critically, the plaintiffs' multiple pleadings did not identify how any of them specifically had in fact been injured. *See id.* at 762-63.

The plaintiffs in *Reece* asserted various Oklahoma tort claims against myriad defendants, including most of the same theories of recovery Champion has asserts here.[2] *See id.* at 758. Notwithstanding their boilerplate allegations that they had suffered some generic categories of injuries, the district court and Tenth Circuit both found their amended complaint(s) failed to state a claim for any tort claim because there was no plausible allegation that any plaintiff in fact suffered any personal injury or property damage. *See id.* at 762-63, 775-78.[3]

---

[2] Public nuisance is also asserted here. Among other elements, one must have suffered a special injury to sue for public nuisance, 50 Okla. Stat. § 10, so Champion's lack of any plausibly alleged injury is likewise fatal to that claim.

[3] *See also Reece v. AES Corp.*, No. CIV-12-0457-JH, 2014 WL 61242 (E.D. Okla. Jan. 8, 2014)

The same result should occur here. Champion has specifically and repeatedly alleged that it does not own or operate the Hotel in question or the property on which it sits. Accordingly, Champion insists it is not a proper party to this lawsuit and it believes other entities should be substituted in its place. As a result, its conclusory allegations that it "suffered injury," Doc. #25, p.12, or "sustained damages," *id.* pp. 13-17, are not plausible and should be disregarded. The claims and damages Champion asserts, based on its own pleading, are asserted on behalf of "any substituted proper party." *Id.* p.10, n.1. The claims asserted by Champion—though disputed by the Airgas Defendants—belong to the entity or person who owns and operates the Hotel. Nothing in the pleading suggests Champion has any special relationship with those persons that would allow it to assert tort claims on behalf of the absent parties. *Cf.* Fed. R. Civ. P. 17(a)(1) (listing categories of persons who may sue on behalf of another without joining the beneficial party).

To be clear, Champion's Cross-Claims against the Airgas Defendants are not third-party-type claims for contribution or indemnity. By its Cross-Claims, Champion does not seek to have the Airgas Defendants reimburse it in the event Champion is found to be liable to the Plaintiffs. Thus, Champion is not pleading in the alternative. Rather, Champion purports to assert tort claims in the first instance. To do that, it must itself have suffered an injury. But by its own pleading, Champion admits it does not own or operate the Hotel that allegedly incurred the injuries it purports to sue for. By its Cross-Claims, Champion is explicitly purporting to assert tort claims on behalf

of non-parties. That is not allowed, and Champion's Cross-Claims should be dismissed.

## Conclusion

Champion's Cross-Claim purports to seek damages for torts allegedly committed against someone else. Champion does not plausibly allege it suffered any injuries as a result of the release of anhydrous ammonia at issue. Therefore, Champion's Cross-Claims against the Airgas Defendants fail as a matter of law and the Court should dismiss them.

Submitted on March 5, 2026.

*/s/ Patrick L. Stein*
J. Todd Woolery, OBA #18882
Jodi C. Wetzel, OBA #22107
Patrick L. Stein, OBA #30737
Katherine M. Crowley, OBA #35094
MCAFEE & TAFT A Professional Corporation
Eighth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
todd.woolery@mcafeetaft.com
jodi.wetzel@mcafeetaft.com
patrick.stein@mcafeetaft.com
katie.crowley@mcafeetaft.com

**Attorneys for Defendants Airgas Specialty Products, Inc. and Airgas, Inc.**