## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

Larry Brown et al., individually and
behalf of all others similarly situated,

        *Plaintiffs*,

vs.

Airgas Specialty Products, Inc., et al.

        *Defendants*.

*and*

Champion Hotels and Development
Company of Oklahoma, LLC,

        *Third-Party Plaintiff*,

v.

John Does 1-70,

        *Third-Party Defendants*.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CIV-25-1473-HE

## THE AIRGAS DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS CROSS-CLAIM

Champion's Response [Doc. #33] misreads the "may be liable" phrase in Rule 13(g), and it takes hypothetical pleading too far, asking the Court to assume Champion suffered already-completed injuries it alleges were suffered by non-parties. The Court should grant the Airgas Defendants' motion [Doc. #32] and dismiss Champion's Cross-Claims against them.

Champion relies on the following sentence from Rule 13(g):

> The crossclaim may include a claim that **the coparty** is or **may be liable to the crossclaimant** for all or part of a **claim asserted in the action against the crossclaimant**.

Fed. R. Civ. P. 13(g) (emphasis added). Rewriting this sentence as applied here, a "crossclaim may include a claim that the [Airgas Defendants] . . . may be liable to [Champion] for all or part of the claim asserted in the action against [Champion]." As noted in a parenthetical by Champion,[1] the quoted sentence in Rule 13(g) pointedly mirrors the language in Rule 14(a)(1) that authorizes a defendant to file a third-party complaint. *See* Fed. R. Civ. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."). Thus, this sentence in Rule 13(g) was obviously intended to authorize the same types of contribution and indemnity claims that may be asserted under Rule 14(a)(1). Accordingly, if Champion's Cross-Claim had essentially asserted "if I am found liable to Plaintiffs, the Airgas Defendants should pay for it" type claims against the Airgas Defendants, the quoted sentence from Rule 13(g) would apply.

But that is not what Champion's Cross-Claim against the Airgas Defendants seeks. Rather than seeking to hold the Airgas Defendants liable for all or part of the Plaintiffs' claims against Champion in the contingent event Plaintiffs prevail on their claims against Champion, Champion is seeking to stand in the shoes of non-parties Blessing Investments, LLC, Kajal Inn, LLC, and Stacey Inn Partnership—who

---

[1] *See* Response, p.5 (quoting 6 *Wright & Miller* § 1431 (3d ed.)).

Champion alleges own and lease the hotel property in question—and recover tort damages on behalf of these alleged "first victims" of the anhydrous release. *Cf.* Response, p.2.

To see this, simply compare Champion's Cross-Claim against the Airgas Defendants (Doc. #25, pp. 10-18), with its Third-Party Claims against the unnamed "John Doe" Defendants (Doc. #25, pp. 18-23). The latter seeks the following relief from the John Does:

A.    Contribution for any damages assessed against Champion;

B.    Full equitable and implied indemnity;

C.    Recovery of litigation expenses and defense costs to the extent permitted by law;

D.    Such further relief as the Court deems just and proper.

Doc. #25, p.23, Prayer for Relief. This is the classic "contingent" claim contemplated by Rule 14(a)(1) and the "may be liable" clause in Rule 13(g).

On the other hand, Champion's Cross-Claim seeks direct tort damages—including punitive damages—from the Airgas Defendants:

A.    Its actual and consequential damages;

B.    Punitive damages to the fullest extent permitted by 23 O.S. § 9.1;

C.    Its attorneys' fees and costs;

D.    Pre-judgment and post-judgment interest; and

E.    Any further relief that this Court deems just and proper.

Doc. #25, P.17-18, Prayer for Relief.

As explained in the Airgas Defendants' motion, one must have suffered an injury to assert tort claims and seek such damages. Here, by affirmatively disclaiming ownership or operation of the hotel or property, Champion necessarily admits it did not suffer any injury from the anhydrous release. And there is no basis pleaded for plausibly inferring Champion stands in the type of special relationship to the relevant non-parties that would allow it to sue for tort damages on their behalf. Therefore, the Cross-Claims it asserts against the Airgas Defendants fail as a matter of law.

Champion cannot evade this by reference to Rule 8(d)(2)'s allowance for alternative or hypothetical pleading. "The ability to plead hypothetically is not so broad as to allow a plaintiff to sue for a hypothetical injury, however." 5 *Wright & Miller* § 1282 (4th ed.). Here, Champion is improperly hypothesizing it might be deemed to have suffered someone else's injury. Champion has not cited any case where a defendant was allowed to assert direct liability tort claims on behalf of non-parties under the guise of Rule 13(g).

On this score, the cases cited by Champion are easily distinguishable. In *Providential Development Co. v. U.S. Steel Co.*, 236 F.2d 277, 279 (10th Cir. 1956), *Marion v. U.S. Life Ins. Co. in N.Y.*, No. 4:23-CV-00149, 2024 WL 278912, at *1 (S.D. Tex. Jan. 2, 2024), and *Walker v. Axalta Coating Sys., LLC*, No. 14-2105-JAR, 2015 WL 685834 (D. Kan. Feb. 18, 2015), and *CSX Transportation v. Columbus*, 307 F. Supp. 3d 719, 733-34 (S.D. Ohio 2018), none of the cross-claims resembled the situation here, where the cross-claimant is purporting to assert direct liability tort claims on behalf of non-parties.

**<u>Conclusion</u>**

Champion's Cross-Claim does not seek to hold the Airgas Defendants liable in the contingent event Champion is held liable to Plaintiffs on Plaintiffs' claims. Rather, Champion's Cross-Claim purports to assert direct tort claims against the Airgas Defendants for alleged injuries Champion admits it did not incur. Nor does Champion allege any special relationship or other basis for which it could assert tort claims on behalf of any non-parties. Therefore, Champion's Cross-Claims against the Airgas Defendants fail as a matter of law, and the Court should grant the Airgas Defendants' motion to dismiss.

Submitted on April 2, 2026.

/s/ Patrick L. Stein
J. Todd Woolery, OBA #18882
Jodi C. Wetzel, OBA #22107
Patrick L. Stein, OBA #30737
Katherine M. Crowley, OBA #35094
MCAFEE & TAFT A Professional Corporation
Eighth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
todd.woolery@mcafeetaft.com
jodi.wetzel@mcafeetaft.com
patrick.stein@mcafeetaft.com
katie.crowley@mcafeetaft.com

**Attorneys for Defendants Airgas Specialty Products, Inc. and Airgas, Inc.**