**IN THE UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF OKLAHOMA**

Larry Brown et al.,

*Plaintiffs*,

vs.

Airgas Specialty Products, Inc. et al.,

*Defendants*,

**and**

Stacey Inn Partnership, et al.,

*Cross-Claimants and*
*Third-Party Plaintiffs*,

vs.

John Does 1-70,

*Third-Party Defendants*,

**and**

Mason Day Welding & Construction, LLC,

*Cross-Claimant and*
*Third-Party Plaintiff*,

vs.

Flanco Gasket and MFG., Inc.,

*Third-Party Defendant*.

Case No. CIV-25-1473-HE

**AIRGAS DEFENDANTS' MOTION TO DISMISS IN PART CROSS-CLAIMS ASSERTED BY HOTEL DEFENDANTS AND SUPPORTING BRIEF**

Defendants and Cross-Claim Defendants Airgas Specialty Products, Inc. and Airgas, Inc. (collectively the "Airgas Defendants") move the Court under Rule 12(b)(6) to dismiss in part the cross-claims asserted against them by Defendants and Cross-Claimants Stacey Inn Partnership, Blessing Investments, LLC, Kajal Inn, LLC, Holiday Hospitality Franchising, LLC, and Six Continents Hotels, Inc. (collectively the "Hotel Defendants")[1] [Doc. #58, pp. 14-15].

Specifically, the Court should dismiss the Hotel Defendants' Cross-Claims for strict liability based on abnormally dangerous activity (Count III) and contractual indemnity (Count XI). The former should be dismissed for the same reasons as explained in the Airgas Defendants' Motion to Dismiss directed at Plaintiffs' identical claim. *See* Doc. #41, pp. 3-12. The latter should be dismissed because the Hotel Defendants have not identified any contract to which they are a party or third-party beneficiary upon which they may sue.

In support of their motion, the Airgas Defendants submit the following brief.

## Summary of Hotel Defendants' Cross-Claims

The allegations in the underlying Amended Complaint were previously summarized in the Airgas Defendants' motion to dismiss directed at that pleading. *See* Doc. #41, pp. 1-2. For present purposes, it suffices to state that this case arises from the unintended release of anhydrous ammonia from a tanker truck allegedly owned and operated by the Airgas Defendants while the truck and trailer were parked at the

[1] There is a sixth Hotel Defendant who is not a cross-claimant—IHG Hotels & Resorts, PLC. That notwithstanding, the label "Hotel Defendants" is used herein for simplicity.

Holiday Inn Express & Suites in Weatherford, Oklahoma (the "Hotel") on November 12, 2025. Relevant here, Hotel Defendants Blessing Investments, LLC and Kajal Inn, LLC allege they own the real property on which the Hotel sits. Cross-Claim, Doc. #58, p.14, ¶ 2. Stacey Inn Partnership alleges that it leases the Hotel property and operates the Hotel. *Id.* ¶ 1. Holiday Hospitality Franchising, LLC alleges that it entered into a license agreement with Stacey Inn Partnership involving the hotel, and Six Continents Hotels, Inc. alleges it is the sole manager of Holiday Hospitality Franchising, LLC. *Id.* ¶¶ 3-4. Hotel Defendants allege they have suffered damages for injury to property, business interruption and lost profits, injury to reputation, among others. *See e.g., id.* ¶ 24.

Pertinent to this motion, the Hotel Defendants all assert claims for strict liability for abnormally dangerous activity and contractual indemnity against the Airgas Defendants. For following reasons, those claims should be dismissed as a matter of law.

**Arguments and Authorities**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain well-pleaded factual allegations sufficient "'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "a formulaic recitation of the elements of a cause of action will not suffice." *Khalik*, 671 F.3d at 1191 (quotation omitted). Although the Court must accept all well-pleaded

factual allegations in a complaint as true when ruling on a motion to dismiss, the Court should disregard mere labels and legal conclusions masked as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Here, the Hotel Defendants' Cross-Claims do not plausibly allege a claim for strict liability or contractual indemnity.

**A. The Transportation of Anhydrous Ammonia is Not an Abnormally Dangerous Activity.**

The Airgas Defendants' have already briefed at length the reasons why transportation of anhydrous ammonia is not an abnormally dangerous activity. *See* Doc. #41, pp. 3-12. That argument and the authorities cited therein are incorporated here by reference and will not be repeated.

The only new allegation relevant to this theory contained in the Hotel Defendants' Cross-Claim is the following:

> The handling, storage, transportation, maintenance, and parking of anhydrous ammonia and any related byproducts by the Airgas Defendants, Hall, and Mason Day in this action constitutes an abnormally dangerous activity because it:
>
> a. Gave rise to the existence of a high degree of risk of harm to some person, land, or property of others, including Cross-Claimants;
>
> b. Carried an increased likelihood that resulting harm would be great;
>
> c. Could not be eliminated by the exercise of reasonable care;
>
> d. Was not a matter of common usage;
>
> e. Was inappropriate to the place where it was carried on; and

f. Carried greater weight of danger than value to the community.

Doc. #58, p.18, ¶ 32. But that is precisely the type of "formulaic recitation of the elements of a cause of action [that] will not due." *Iqbal*, 556 U.S. at 678. The Court should disregard that boilerplate language and dismiss this cross-claim asserted by the Hotel Defendants for the same reasons it dismisses Plaintiffs' identical claim.

**B. The Hotel Defendants' Contractual Indemnity Claim Fails Because They Have Failed to Allege the Existence of a Contract Upon Which They Can Sue.**

The Hotel Defendants assert two different "counts" of indemnity against the Airgas Defendants: one styled "Equitable/Implied Indemnity" (Count X), and the other styled "Contractual/Common-Law Indemnity" (Count XI). This motion is directed at the latter.

There are two types of indemnity in Oklahoma: (i) contractual or express indemnity and (ii) what is variously termed in case law as implied, noncontractual, equitable, vicarious, or common law indemnity. *See National Union Fire Ins. Co. v. A.A.R. Western Skyways, Inc.*, 1989 OK 157, ¶ 8, 784 P.2d 52, 54 ("Therefore, the right of indemnity may arise out of an express (contractual) or implied (vicarious) liability.").[2] Either way, the right to indemnity is "always premised . . . on the

[2] Oklahoma courts describe non-contractual, common law, implied, vicarious, and equitable indemnity in substantially the same way. *See, e.g., Travelers Ins. Co. v. L.V. French Truck Service, Inc.,* 1988 OK 76, ¶ 8, n.16, 770 P.2d 551, 558 (equating noncontractual and equitable indemnity); *Braden v. Hendricks*, 1985 OK 14, ¶ 11 & n.16, 695 P.2d 1343, 1349-50 (equating noncontractual and common law indemnity); *Central Nat'l Bank of Poteau v. McDaniel,* 1986 OK CIV APP 34, ¶ 9, 734 P.2d 1314, 1316 (equating equitable indemnity, noncontractual indemnity, and implied

understanding that a legal relationship exists between the parties." *Id.* That legal relationship may be expressed in a contract, or it may implied from circumstances where one, who is himself blameless and without fault, is held primarily or constructively liable to an injured person for damages sustained entirely due to the fault of another. *Id.* ¶ 7, 784 P.2d at 54. A party who is himself at fault in causing the injuries—even if only partially—cannot seek implied, noncontractual indemnity. *Thomas v. E-Z Mart Stores, Inc.*, 2004 OK 82, ¶ 22, 102. P.3d 133, 140; *National Union Fire*, 1989 OK 157, ¶ 11, 784 P.2d at 55 (quotation omitted).

Again, this motion challenges only Count XI of the Hotel Defendants' Cross-Claim. There, the Hotel Defendants seek contractual indemnity based on the following allegation:

> To the extent any agreements, transportation contracts, service contracts, or industry standards imposed responsibility for hazardous materials safety on the Airgas Defendants, Hall, and Mason Day, those obligations run to the benefit of property owners foreseeably exposed to risk.

Doc. #58, p.24, ¶ 79. There is no basis in law for that assertion.

To the extent the Hotel Defendants contend there is a contract between any of them and the Airgas Defendants which gives rise to a contractual claim for indemnity, the Cross-Claim should affirmatively identify such contract. *See, e.g., Hitch Enterprises, Inc. v. Cimarex Energy Co.*, 859 F. Supp. 2d 1249, 1257 (W.D. Okla. 2012) (dismissing

---

indemnity). Thus, the Hotel Defendants' clumping of "common law" indemnity with "contractual indemnity in Count XI is a misnomer as "common law" indemnity is the same as the other implied, noncontractual indemnity labels embraced by Count X.

breach of contract claim when plaintiff's pleading failed to identify or describe oil and gas lease upon which it was suing). The Cross-Claim fails to do that.

To the extent the Hotel Defendants seek indemnity under some unspecified contract between the Airgas Defendants and some other, unspecified person, the Hotel Defendants have failed to allege facts plausibly suggesting such a contract exists or that they would be third-party beneficiaries of such a contract if it did. To be a third-party beneficiary of a contract, it is not enough that the Hotel Defendants were allegedly foreseeably exposed to a risk of harm resulting from the unidentified contract's supposed breach. Instead, to sue under a contract to which they are not a party, the contract must have been made "expressly for the benefit of" the Hotel Defendants. 15 Okla. Stat. § 29; *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1230 (10th Cir. 2012); *Keel v. Titan Const. Corp.*, 1981 OK 148, ¶ 5, 639 P.2d 1228, 1231. There are no well-pleaded facts in the Hotel Defendants' Cross-Claim plausibly suggesting that is the case. Speculation as to mere possibilities is not sufficient to survive a motion to dismiss under Rule 12(b)(6). Therefore, the Hotel Defendants' claim for contractual indemnity (Count XI) should be dismissed.

## <u>Conclusion</u>

The Hotel Defendants' Cross-Claim does not allege facts plausibly suggesting they can prevail on their claims for strict liability for abnormally dangerous activity (Count III) or contractual indemnity (Count XI) against the Airgas Defendants. Therefore, the Court should dismiss those claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Submitted on July 20, 2026.

*/s/ Patrick L. Stein*
J. Todd Woolery, OBA #18882
Jodi C. Wetzel, OBA #22107
Patrick L. Stein, OBA #30737
Katherine M. Crowley, OBA #35094
MCAFEE & TAFT A Professional Corporation
Eighth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-9621
todd.woolery@mcafeetaft.com
jodi.wetzel@mcafeetaft.com
patrick.stein@mcafeetaft.com
katie.crowley@mcafeetaft.com

**Attorneys for Defendants Airgas Specialty Products, Inc. and Airgas, Inc.**