**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LARRY BROWN, GARY ALBERT, and STACI ALBERT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs, | ) | |
| vs. | ) | NO. CIV-25-1473-HE |
| AIRGAS SPECIALTY PRODUCTS, INC., *et al.*,<br><br>Defendants. | ) | |

**ORDER**

This removal case is a putative class action in which plaintiffs assert claims against various defendants arising out of the release of anhydrous ammonia in Weatherford, Oklahoma, on November 12, 2025. There are three motions to dismiss (or, as to one, a nominal motion) pending which are at issue.

a. <u>The Champion cross-claims</u>. [Doc. #32]. The original petition asserted claims against defendant Champion Hotels and Development Company of Oklahoma, LLC ("Champion"), which in turn asserted cross-claims against the Airgas defendants [Doc. #25], contingent on some basis for liability being established against Champion. The Airgas defendants moved to dismiss the cross-claims. Thereafter, plaintiffs filed their First Amended Complaint [Doc. #37] dropping any claims against Champion. The Airgas defendants' motion directed to the Champion cross-claims is therefore moot and will be stricken on that basis.

b. The strict liability claim, etc. [Doc. # 41]. The Airgas defendants have moved to dismiss some of the claims or matters asserted by plaintiffs in the First Amended Complaint. Specifically, they seek dismissal of the strict liability claim on the basis that the transportation of anhydrous ammonia is not an abnormally dangerous activity as contemplated by Oklahoma law. They also seek to preclude plaintiffs' pursuit of future medical monitoring costs and seek the dismissal of plaintiff's claims for trespass and nuisance insofar as they are asserted by plaintiffs not alleged to own property in the affected area.

The parties agree that the question of whether a particular activity should be viewed as "abnormally dangerous" is a question of law for the court. However, the parties also acknowledge that the Oklahoma courts have not made a determination as to the status of transporting anhydrous ammonia. In light of that, and as the case is now only at the motion to dismiss stage, the court concludes it is premature to attempt to resolve the matter now. That determination will involve consideration of multiple elements which are fact intensive, including the extent of the risk from the transportation, the likelihood of harm, the degree to which the risk can be minimized by the exercise of reasonable care, and other factors. *See* Taylor v. Hesser, 991 P.2d 35, 39 (Okla. Civ. App. 1998). Such a determination is more appropriately addressed via summary judgment or some other later stage of the proceedings where the factual considerations are more fully developed.

Similarly, the court declines to address at this stage the question of whether particular forms of relief, here future medical monitoring costs, are available if a claim is otherwise established. That strikes the court as getting the cart before the horse.[1]

Finally, as to the trespass and nuisance claims, the Airgas defendants assert, and plaintiffs' acknowledge, those claims require a plaintiff to have a property interest as a basis for them and that plaintiff Larry Brown does not allege such an interest. The motion will therefore be granted as to the trespass and nuisance claims of Mr. Brown, but that does not result in the dismissal of the claims generally as other plaintiffs allege the requisite property interest.

c. The Mason Day filing. Doc. no. 49 is the *pro se* answer of Mason Day and/or Mason Day Welding and Construction. It is docketed as a motion to dismiss, but it is not. The record should be corrected by the court clerk to reflect that the filing is an answer rather than a motion.

Accordingly, for the reasons stated, the court **ORDERS** as follows: (1) the Airgas defendants' motion to dismiss the Champion cross-claims [Doc. #32] is **STRICKEN as MOOT**; (2) the Airgas defendants' partial motion to dismiss [Doc. #41] is **GRANTED** as to the trespass and nuisance claims of plaintiff Larry Brown but is otherwise **DENIED**; and (3) the clerk of court is directed to correct the CM-ECF description of Doc. #49 to reflect that it is an answer rather than a motion to dismiss.

---

[1] *The court acknowledges that it has allowed a different positioning of the cart and the horse in some circumstances. See Reese v. AES Corp., CIV-12-0457-JH, 2014 WL 61242 (E.D. Okla. Jan. 8, 2024).*

**IT IS SO ORDERED**.

Dated this 20th day of July, 2026.

JOE HEATON
UNITED STATES DISTRICT JUDGE