**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

Larry Brown et al.,

*Plaintiffs*,

vs.

Airgas Specialty Products, Inc. et al.,

*Defendants,*

**and**

Stacey Inn Partnership, et al.,

*Cross-Claimants and Third-Party Plaintiffs*,

vs.

John Does 1-70 et al.,

*Third-Party Defendants*,

**and**

Mason Day Welding & Construction, LLC,

*Cross-Claimant and Third-Party Plaintiff,*

vs.

Flanco Gasket and MFG., Inc.,

*Third-Party Defendant*.

Case No. CIV-25-1473-HE

**DEFENDANT AIRGAS, INC.'S ANSWER TO DEFENDANT MASON DAY WELDING & CONSTRUCTION, LLC'S CROSS-CLAIM, AND COUNTERCLAIM AND CROSS-CLAIM AGAINST MASON DAY**

Defendant Airgas, Inc. ("Airgas") submits the following for its answer to the Cross-Claim filed against it (the "Cross-Claim") by Defendant Mason Day Welding & Construction, LLC's ("Mason Day"). The paragraph numbers contained herein correspond to the paragraph numbers in the Cross-Claim. Any allegation in the Cross-Claim not specifically admitted below is denied.

## A. NATURE OF THE CROSS-CLAIMS

1. Paragraph 1 asserts legal conclusions to which no response is required. To the extent the Court deems a response necessary, Airgas denies Mason Day is entitled to any relief sought in Paragraph 1.

2. Admitted.

3. Airgas admits that Defendant Airgas Specialty Products, Inc. owned the tanker-trailer, and the anhydrous ammonia cargo.

4. Airgas admits that Defendant Airgas Specialty Products, Inc. employed Defendant LaJuan Hall ("Hall"), the driver of the tanker-trailer.

5. Denied.

6. Paragraph 6 asserts legal conclusions to which no response is required. To the extent the Court deems a response necessary, Airgas admits the Cross-Claim is procedurally proper under Federal Rule of Civil Procedure 13(g). Airgas denies Mason Day is entitled to any relief sought in Paragraph 6.

## B. PARTIES

7. Admitted upon information and belief.

8. Airgas admits that Airgas Specialty Products, Inc. is a foreign corporation, and that it owned and operated the tanker-trailer involved in the incident.

9. Airgas admits that it is a foreign corporation and that Defendant Airgas Specialty Products, Inc. is a wholly-owned subsidiary of Airgas. Airgas denies the remaining allegations contained in Paragraph 9 and particularly denies any allegations or insinuation that there is a basis for avoiding the corporate distinction between Airgas Specialty Products, Inc. and Airgas.

10. Admitted.

11. Paragraph 11 requires no response.

### C. Jurisdiction and Venue

12. Admitted.

13. Paragraph 13 asserts legal conclusions to which no response is required. To the extent the Court deems a response necessary, Airgas admits that this Court has supplemental jurisdiction over Mason Day's alleged cross-claims.

14. Admitted.

### D. Factual Allegations Common to All Cross-Claims

15. Airgas re-alleges and incorporates by reference all preceding paragraphs as if set out in full.

16. Airgas admits that on November 12, 2025, a semi-truck tractor puling a tanker-trailer containing anhydrous ammonia was parked in the parking lot of the Holiday Inn Express & Suites, in Weatherford, Oklahoma. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or

deny the remaining allegations in Paragraph 16, and therefore, the same are deemed denied.

17. Airgas admits Airgas Specialty Products, Inc. owned the tanker-trailer and anhydrous ammonia and leased the semi-truck tractor at issue.

18. Airgas admits Airgas Specialty Products, Inc. employed Hall, Hall was the driver of the semi-truck tractor at the time of the incident, and that Hall parked the semi-truck tractor and tanker-trailer at the Hotel. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 18, and therefore, the same are deemed denied.

19. Airgas admits there was an unintentional release of anhydrous ammonia from the tanker-trailer on November 12, 2025, while the trailer was parked in the Hotel parking lot. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 19, and therefore, the same are deemed denied.

20. Airgas admits there was an unintentional release of anhydrous ammonia from the tanker-trailer on November 12, 2025, while the trailer was parked in the Hotel parking lot. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 20, and therefore, the same are deemed denied.

21. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 21, and therefore, the allegations in Paragraph 21 are deemed denied.

22. Paragraph 22 asserts legal conclusions to which no response is required. To the extent the Court deems a response necessary, denied.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, Airgas admits that Airgas Specialty Products, Inc. had possession, custody, and control over the semi-truck tractor, tanker-trailer, and its cargo. Airgas also admits that Hall was an employee of Airgas Specialty Products, Inc. and the driver of the semi-truck tactor at the time of the release. The remaining allegations in Paragraph 23 are confusing such that Airgas lacks sufficient information or knowledge to admit or deny them at this time, and therefore, the same are deemed denied.

24. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 24, and therefore, the allegations in Paragraph 24 are deemed denied.

25. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 25, and therefore, the allegations in Paragraph 25 are deemed denied.

26. Paragraph 26 asserts legal conclusions to which no response is required. To the extent the Court deems a response necessary, denied.

## E. Causes of Action

### Count I – Contribution Against the Airgas Defendants and Hall

27. Paragraph 27 contains legal conclusions to which no response from Airgas is required at this time. To the extent a response is required, Airgas denies the allegations in Paragraph 27.

28. Airgas re-alleges and incorporates by reference all preceding paragraphs as if set out in full. Paragraph 28 contains legal conclusions to which no response from Airgas is required at this time.

29. Paragraph 29 does not contain any allegation directed at Airgas and so no response from Airgas should be required.

30. Paragraph 30 contains legal conclusions to which no response from Airgas is required at this time. To the extent a response is required, Airgas denies the allegations in Paragraph 30.

31. Paragraph 31 contains legal conclusions to which no response from Airgas is required at this time. To the extent a response is required, Airgas denies the allegations in Paragraph 31.

32. Paragraph 32 contains legal conclusions to which no response from Airgas is required at this time. To the extent a response is required, Airgas denies the allegations in Paragraph 32.

33. Paragraph 33 contains legal conclusions to which no response from Airgas is required at this time. To the extent a response is required, Airgas denies that Mason Day is entitled to any of the relief sought in Paragraph 33.

### COUNT II – EQUITABLE/IMPLIED INDEMNITY AGAINST THE AIRGAS DEFENDANTS AND HALL

34. Airgas re-alleges and incorporates by reference all preceding paragraphs as if set out in full. Paragraph 34 contains legal conclusions to which no response from Airgas is required at this time.

35. Paragraph 35 does not contain any allegation directed at Airgas and so no response from Airgas should be required.

36. Paragraph 36 contains legal conclusions to which no response from Airgas is required at this time. To the extent a response is required, Airgas denies the allegations in Paragraph 36.

37. Denied.

38. Paragraph 38 contains legal conclusions to which no response from Airgas is required at this time. To the extent a response is required, Airgas denies the allegations in Paragraph 38.

39. Paragraph 39 contains legal conclusions to which no response from Airgas is required at this time. To the extent a response is required, Airgas denies that Mason Day is entitled to any of the relief sought in Paragraph 39.

### COUNT III – CONTRACTUAL COMMON-LAW INDEMNITY AGAINST THE AIRGAS DEFENDANTS AND HALL

40. Airgas re-alleges and incorporates by reference all preceding paragraphs as if set out in full.

41. Paragraph 41 does not contain any allegation directed at Airgas and so no response from Airgas should be required.

42. Airgas denies that Mason Day is entitled to contractual indemnity, contractual defense, contractual reimbursement, and related relief.

43. Paragraph 43 contains legal conclusions to which no response from Airgas is required at this time. To the extent a response is required, Airgas denies the allegations in Paragraph 43.

44. Paragraph 44 contains legal conclusions to which no response from Airgas is required at this time. To the extent a response is required, Airgas denies the allegations in Paragraph 44.

45. Paragraph 45 contains legal conclusions to which no response from Airgas is required at this time. To the extent a response is required, Airgas denies the allegations in Paragraph 45.

**F. RESERVATION OF RIGHTS**

46. Paragraph 46 contains no allegations which require a response from Airgas at this time. To the extent a response is required, Airgas denies the allegations in Paragraph 46.

47. Paragraph 47 contains no allegations which require a response from Airgas at this time. To the extent a response is required, Airgas denies the allegations in Paragraph 47.

48. Paragraph 48 contains no allegations which require a response from Airgas at this time. To the extent a response is required, Airgas denies the allegations in Paragraph 48.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof imposed on Mason Day under the law, and without assuming any burden or obligation other than that imposed by operation of law, Airgas asserts the following Affirmative and/or Additional Defenses to the claims set forth in Mason Day's Answer to First Amended Complaint, Cross-Claims, and Third-Party Complaint Against Flanco Gasket and MFG., Inc., and reserves the right to seek leave to amend or supplement these Defenses as discovery and further investigation warrant:

1. Mason Day has failed, in whole or in part, to state claims upon which relief may be granted.

2. Any alleged mechanical failure, gasket failure, valve failure, or other failure causing the alleged release may have been caused by other persons or entities beyond Airgas's control, including Mason Day.

3. Mason Day cannot seek contribution from Airgas. *See, e.g., Njuguna v. C.R. England, Inc.*, No. CIV-19-379-R, 2022 WL 264551, ** 2-3 (W.D. Okla. Jan. 27, 2022); *Richards v. Foremost Ins. Co.*, — P.3d —, 2026 OK 52 (Jett, J., concurring).

4. Mason Day cannot seek common law or equitable indemnity from Airgas because Mason Day is not blameless.

5. Mason Day cannot seek contractual indemnity from Airgas because Mason Day owes contractual indemnity to Airgas.

6. Mason Day's claims are barred, in whole or in part, under the doctrines of release, agreement, accord, and satisfaction.

7. Mason Day's claims are barred, in whole or in part, under the doctrines of ratification, waiver, estoppel, quasi-estoppel, equitable estoppel, laches, unclean hands, and/or the economic loss rule.

8. Mason Day's claims are barred, in whole or in part, under the doctrines of contributory or comparative negligence.

9. Airgas has acted in compliance with all applicable laws, regulations, and industry customs.

10. Mason Day may have failed to name third parties who are indispensable to the relief requested in this lawsuit.

11. The claims asserted in this case may be barred in whole or in part by Mason Day's failure to mitigate alleged damages, if any.

12. To the extent Mason Day seeks compensation for any non-economic damages through its claims, the same may be limited by applicable statute or other law.

13. Airgas's alleged liability, if any, is limited to several liability only; joint-and-several liability cannot be imposed.

14. Airgas reserves the right to supplement its defenses as discovery and investigation of this case progress.

## COUNTERCLAIM AND CROSS-CLAIM AGAINST MASON DAY

Defendant Airgas, Inc. for its Counterclaim and Cross-Claim against Defendant Mason Day Welding & Construction, LLC, alleges and states as follows:

## THE PARTIES

1. Airgas is a corporation incorporated under the laws of Delaware and has its principal place of business in Pennsylvania.

2. Mason Day is a Texas limited liability company with its principal place of business in Texas.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332(d).

4. This Court has supplemental jurisdiction over Mason Day's Counterclaim and Cross-Claims pursuant to 28 U.S.C. § 1367(a), because they are so related to Plaintiffs' claims that they form part of the same case and controversy.

5. Airgas is permitted to assert its Counterclaim and Cross-Claim against Mason Day under Federal Rule of Civil Procedure 13. *See* Fed. R. Civ. P. 13(a) & (g).

6. Venue is proper in the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims allegedly occurred within this District.

## FACTUAL ALLEGATIONS

7. Plaintiffs filed this putative class action seeking damages and other relief arising from "a catastrophic anhydrous ammonia gas leak from a tanker truck that allegedly took place in Weatherford, Oklahoma, on November 12-13, 2025. First Am. Comp., Doc #37, ¶ 1.

8. Defendant Airgas Specialty Products, Inc. leased the semi-truck tanker at issue from a third party, owned the tanker trailer from which the anhydrous ammonia was released, and employed the driver of truck. Defendant Airgas Specialty Products, Inc.'s Am. Ans., Doc #15, ¶ 1.

9. Plaintiffs' First Amended Complaint alleges the release of anhydrous ammonia was caused by "a mechanical failure, gasket failure, valve failure, and/or faulty seal on the Tanker Truck[.]". First Am. Comp., Doc #37, ¶ 28.

10. Defendant Airgas Specialty Products, Inc. contracted with Mason Day to inspect the tanker trailer and perform maintenance and repair thereon prior to the tanker trailer being filled with anhydrous ammonia for the trip that resulted in the alleged November 12 - 13, 2026 incident.

11. Mason Day is contractually obligated to "indemnify, defend and hold harmless Airgas, Inc. and subsidiaries against any loss, liability, expense, including legal expense, in connection with the claim of any personal injury, death, or property damage arising out of . . . the performance of [its] work . . . or work on Airgas owned or leased assets." Further, Mason Day is required to indemnify Airgas under common law indemnity principles.

12. Airgas denies any negligence or wrongdoing on its part. Upon information and belief, Mason Day was negligent in performing the inspection, repairs, and/or maintenance it was contracted to provide, and such negligence was the proximate cause of the incident and Plaintiffs' or the proposed class members' alleged injuries, if any. Further, it is believed Mason Day utilized substandard, noncompliant,

and/or defective components in performing its repairs on Defendant Airgas Specialty Products, Inc.'s tanker trailer.

13. Airgas disputes that Plaintiffs are entitled to any relief or recovery from Airgas, and it further disputes that it can be held jointly and severally liable for Plaintiffs' or the proposed class members' alleged injuries. However, the First Amended Complaint seeks a judgment against Airgas and all other Defendants "jointly and severally." First Am. Comp., Doc #37, Prayer for Relief ¶ B.

14. In the event Plaintiffs and/or the proposed class receive a Judgment against Airgas awarding them damages, then Airgas will be entitled to contribution from Mason Day under 12 Okla. Stat. § 832.

**COUNT I – CONTRACTUAL AND COMMON LAW INDEMNITY**

15. Pursuant to contractual agreements between Airgas and Mason Day, Mason Day agreed to indemnify Airgas and its subsidiaries "against any loss, liability, expense, including legal expense, in connection with the claim of any personal injury, death, or property damage arising out of . . . the performance of [its] work . . . or work on Airgas owned or leased assets."

16. Airgas denies that it is liable to the putative class, or any named party to this litigation. However, if the putative class or another party to this litigation succeeds in asserting one or more of its causes of action against Airgas, such that Airgas is held liable for the acts and/or omissions of Mason Day, Airgas is entitled to recover the alleged damages from Mason Day based on contractual indemnity and common law indemnity.

**COUNT II – CONTRIBUTION**

17. Airgas denies that it is liable to the putative class, or any named party to this litigation. However, if the putative class or another party to this litigation succeeds in asserting one or more of its causes of action against Airgas, such that Airgas is held liable for the acts and/or omissions of Mason Day, Airgas is entitled to contribution from Mason Day pursuant to 12 O.S. § 832.

**WHEREFORE**, having fully answered, Airgas prays that Mason Day takes nothing by way of this action against Airgas, that the Court enter judgment for Airgas and against Mason Day on all Mason Day's claims, that the Court enter judgment for Airgas and against Mason Day on Airgas's counter claim and cross-claim and for such other and further relief, as the Court deems just and equitable, including Airgas's reasonable attorneys' fees and costs.

Submitted on July 31, 2026.

*/s/J. Todd Woolery*

J. Todd Woolery, OBA #18882
Jodi C. Wetzel, OBA #22107
Patrick L. Stein, OBA #30737
Katherine M. Crowley, OBA #35094
McAFEE & TAFT A Professional Corporation
Eighth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
todd.woolery@mcafeetaft.com
jodi.wetzel@mcafeetaft.com
patrick.stein@mcafeetaft.com
katie.crowley@mcafeetaft.com

**Attorneys for Defendants Airgas Specialty Products, Inc. and Airgas, Inc.**