IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

Larry Brown et al.,

*Plaintiffs*,

vs.

Airgas Specialty Products, Inc. et al.,

*Defendants*,

**and**

Airgas Specialty Products, Inc. et al.,

*Cross-Claimants and*
*Third-Party Plaintiffs*,

vs.

IHG Hotels & Resorts, PLC et al.;

*Cross-Claim Defendants*,

**and**

Flanco Gasket and MFG., Inc.,

*Third-Party Defendant*.

Case No. CIV-25-1473-HE

**DEFENDANT AIRGAS, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND CROSS-CLAIM AGAINST THE HOTEL DEFENDANTS**

Defendant Airgas, Inc. ("Airgas") submits the following for its Answer to Plaintiffs' Larry Brown, Gary Albert, and Staci Allbert (collectively, "Plaintiffs") First Amended Complaint (the "Complaint"). Any allegation in the Complaint not specifically admitted below is denied. Paragraph numbers and headings from the

Complaint are used in this Answer for the convenience of the Court and parties and should not be construed as any type of admission.

## NATURE OF THE ACTION

1. Airgas admits that on the evening of November 12, 2025, continuing into the early morning of November 13, 2025, a semi-truck tractor with a tanker trailer transporting anhydrous ammonia (the "Tanker Trailer") was parked at the Holiday Inn Express & Suites – Weatherford, Oklahoma, and that anhydrous ammonia leaked from the Tanker Trailer. Airgas denies any remaining allegations in Paragraph 1.

2. Airgas admits there was a release of anhydrous ammonia in Weatherford, Oklahoma. At this time, due to ongoing investigation, Airgas lacks sufficient information to admit or deny any remaining or contrary allegations in Paragraph 2, and the same are therefore deemed denied.

3. Paragraph 3 sets forth a legal conclusion as to Plaintiffs' class action allegations, to which no response is required. To the extent any response is required, Airgas admits Plaintiffs purport to bring this case as a class action but denies Plaintiffs or the purported class are entitled to any relief sought in the Complaint.

4. Paragraph 4 sets forth a legal conclusion as to Plaintiffs' class action allegations, to which no response is required at this time. To the extent any response is required, Airgas admits Plaintiffs purport to bring this case as a class action but denies Plaintiffs or the purported class are entitled to any relief sought in the Complaint.

5. Paragraph 5 sets forth a legal conclusion as to Plaintiffs' class action allegations, to which no response is required at this time. To the extent any response is required, Airgas admits Plaintiffs purport to bring this case as a class action but denies Plaintiffs or the purported class are entitled to any relief sought in the Complaint.

## PARTIES, JURISDICTION, AND VENUE

6. Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 6, and therefore, the allegations in Paragraph 6 are deemed denied.

7. Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 7, and therefore, the allegations in Paragraph 7 are deemed denied.

8. Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 8, and therefore, the allegations in Paragraph 8 are deemed denied.

9. Paragraph 9 sets forth a legal conclusion as to Plaintiffs' class action allegations, to which no response is required. To the extent any response is required, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 9, and therefore, the allegations in Paragraph 9 are deemed denied.

10. Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 10, and therefore, the allegations in Paragraph 10 are deemed denied.

11. Paragraph 11 sets forth a legal conclusion as to Plaintiffs' class action allegations, to which no response is required. To the extent any response is required, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 11, and therefore, the allegations in Paragraph 11 are deemed denied. Airgas further disputes the members of Plaintiffs' proposed class are objectively ascertainable.

12. Paragraph 12 contains allegations not directed at Airgas and so no response is required.

13. Airgas admits it is incorporated under the laws of Delaware and has its principal place of business in Pennsylvania. Airgas admits it is the parent company of Airgas Specialty Products, Inc. Airgas denies the remaining allegations in Paragraph 13. Any remaining or contrary allegations in Paragraph 13 are denied.

14. Paragraph 14 contains allegations not directed at Airgas and so no response is required.

15. Paragraph 15 contains allegations not directed at Airgas and so no response is required.

16. Paragraph 16 contains allegations not directed at Airgas and so no response is required.

17. Paragraph 17 contains allegations not directed at Airgas and so no response is required.

18. Paragraph 18 contains allegations not directed at Airgas and so no response is required.

19. Paragraph 19 contains allegations not directed at Airgas and so no response is required.

20. Paragraph 20 contains allegations not directed at Airgas and so no response is required.

21. Airgas admits LaJuan Hall was the driver of the semi-truck tractor at the time of the release. Otherwise, Paragraph 21 contains allegations not directed at Airgas and so no response is required.

22. Paragraph 22 contains allegations not directed at Airgas and so no response is required.

23. Paragraph 23 sets forth a legal conclusion to which no response is required at this time. To the extent any response is required, Airgas agrees that this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(d). *See* Doc. No. 1.

24. Paragraph 24 sets forth a legal conclusion as to proper venue to which no response is required. To the extent a response is required, Airgas contends that the United States District Court for the Western District of Oklahoma is the proper venue to adjudicate Plaintiffs' and the proposed class members' claims pursuant to 28 U.S.C. § 1441(a).

## FACTUAL ALLEGATIONS

25. Airgas admits that on the evening of November 12, 2025, the truck carrying anhydrous ammonia was parked behind the Holiday Inn Express & Suite in Weatherford, Oklahoma. Due to ongoing investigation, Airgas lacks sufficient

information to admit or deny the remaining allegations in Paragraph 25, and the same are therefore deemed denied.

26. Airgas denies that it owned, leased, operated, supplied, and/or controlled the Tanker Trailer. Airgas lacks sufficient information to admit or deny the remaining allegations in Paragraph 26, and the same are therefore deemed denied.

27. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 27, and therefore, the allegations in Paragraph 22 are deemed denied.

28. Airgas admits there was an unintentional release of anhydrous ammonia at around 10:00 p.m. At this time, due to ongoing investigation, Airgas lacks sufficient information to admit or deny any remaining allegations in Paragraph 28, and the same are therefore deemed denied.

29. Airgas admits there was an unintentional release of anhydrous ammonia at around 10:00 p.m. At this time, due to ongoing investigation, Airgas lacks sufficient information to admit or deny any remaining allegations in Paragraph 29, and the same are therefore deemed denied.

30. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 30, and therefore, the allegations in Paragraph 30 are deemed denied.

31. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 31, and therefore, the same are deemed denied.

32. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 32, and therefore, the allegations in Paragraph 32 are deemed denied.

33. Airgas admits that certain first responders were exposed to anhydrous ammonia. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 33, and therefore, the remaining allegations in Paragraph 33 are deemed denied.

34. At this time, due to ongoing investigation, Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 34, and therefore, the allegations in Paragraph 34 are deemed denied.

35. Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 35, and therefore, the allegations in Paragraph 35 are deemed denied.

36. Airgas denies the allegations set forth in Paragraph 36.

37. Airgas denies the allegations set forth in Paragraph 37.

## CLASS ACTION ALLEGATIONS

38. Airgas admits Plaintiffs purport to bring this action on behalf of the proposed class defined in Paragraph 38. Airgas denies the proposed class is proper and further denies that the action may be certified or maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

39. Paragraph 39 sets forth legal conclusions as to Plaintiffs' class action allegations, to which no response is required at this time. To the extent a response is

required, Airgas denies the proposed class is proper and further denies that the action may be certified or maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

40. Paragraph 40 sets forth a statement that does not require a response. To the extent that a response is required, Airgas denies any allegations in Paragraph 40 and denies that Plaintiffs can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

41. Airgas lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 41, and therefore, the allegations in Paragraph 41 are deemed denied.

42. Paragraph 42 sets forth legal conclusions to which no response should be required at this time. To the extent a response is required, Airgas denies the contentions set forth in Paragraph 42, including all subparagraphs thereof.

43. Paragraph "37"[1] sets forth legal conclusions to which no response should be required at this time. To the extent a response is required, Airgas denies the contentions set forth in "Paragraph 37."

44. "Paragraph 38" sets forth legal conclusions to which no response should be required at this time. To the extent a response is required, Airgas denies the contentions set forth in "Paragraph 38."

---

[1] The Complaint mislabels its Paragraph 43 as Paragraph "37." Airgas's Answer maintains the intended sequential ordering of paragraphs, but will address the Complaint's mislabeled allegations.

45. "Paragraph 39" sets forth legal conclusions to which no response should be required at this time. To the extent a response is required, Airgas denies the contentions set forth in "Paragraph 39."

46. "Paragraph 40" sets forth legal conclusions to which no response should be required at this time. To the extent a response is required, Airgas denies the contentions set forth in "Paragraph 40," including all subparagraphs thereof.

**CLAIMS FOR RELIEF**
**COUNT I – NEGLIGENCE**
**(Against All Defendants)**

47. Airgas re-alleges and incorporates by reference all preceding paragraphs as if set out in full.

48. "Paragraph 42" contains legal conclusions to which no response from Airgas is required at this time. To the extent a response is required, Airgas denies it breached any duty it may have owed to Plaintiffs or proposed class members.

49. Airgas denies the allegations set forth in "Paragraph 43," including all subparagraphs thereof.

50. Airgas denies the allegations set forth in "Paragraph 45."[2]

**COUNT II – NEGLIGENCE PER SE**
**(Against All Defendants)**

51. Airgas re-alleges and incorporates by reference all preceding paragraphs as if set out in full.

---

[2] The Complaint skips from "Paragraph 43" to "Paragraph 45," so this Answer does the same.

52. Airgas denies the allegations set forth in "Paragraph 47." In addition, the Complaint fails to identify the purported statutes or regulations Airgas is alleged to have violated.

53. "Paragraph 48" contains legal conclusions to which no response from Airgas is required at this time. To the extent a response is required, Airgas lacks sufficient information to admit or deny the allegations in "Paragraph 48," and the same are therefore deemed denied.

54. Airgas denies the allegations set forth in "Paragraph 49."

**COUNT III – STRICT LIABILITY FOR ABNORMALLY DANGEROUS ACTIVITY**
**(Against All Airgas Defendants)**

55. Airgas re-alleges and incorporates by reference all preceding paragraphs as if set out in full.

56. "Paragraph 51" contains legal conclusions to which no response from Airgas is required at this time. To the extent a response is required, Airgas denies the contentions in "Paragraph 51."

57. Airgas denies the allegations set forth in "Paragraph 52."

**COUNT IV – PUBLIC AND PRIVATE NUISANCE[3]**
**(Against All Defendants)**

58. Airgas re-alleges and incorporates by reference all preceding paragraphs as if set out in full.

59. Airgas denies the allegations set forth in "Paragraph 54."

60. Airgas denies the allegations set forth in "Paragraph 55."

**COUNT V – TRESPASS TO LAND[4]**
**(Against All Defendants)**

61. Airgas re-alleges and incorporates by reference all preceding paragraphs as if set out in full.

62. Airgas denies the allegations set forth in "Paragraph 57."

63. Airgas denies the allegations set forth in "Paragraph 58."

**COUNT VI – PREMISES LIABILITY / NEGLIGENT FAILURE TO WARN**
**(Against Hotel Owner and IHG Defendants)**

64. Airgas re-alleges and incorporates by reference all preceding paragraphs as if set out in full.

65. "Paragraph 60" contains allegations not directed at Airgas and so no response is required.

66. "Paragraph 61," including all subparagraphs thereof, contains allegations not directed at Airgas and so no response is required.

---

[3] Pursuant to the Court's July 20, 2026, Order, Airgas Answers Count IV as to all putative class members, aside from Plaintiff Larry Brown ("Brown") – whose claims under Counts IV and V for Public and Private Nuisance, and Trespass have been dismissed due to Brown's lack of a demonstrated relevant property interest. *See generally* Order, Doc. # 80.

[4] *See* footnote 3.

67. "Paragraph 62" contains allegations not directed at Airgas and so no response is required.

**COUNT VII – PUNITIVE DAMAGES**
**(Against All Defendants)**

68. Airgas re-alleges and incorporates by reference all preceding paragraphs as if set out in full.

69. Airgas denies the allegations set forth in "Paragraph 64."

**DAMAGES**

70. Airgas denies that Plaintiffs or the proposed class are entitled to any of the relief set forth in "Paragraph 65," including all subparagraphs thereof.

71. Airgas denies that Plaintiffs or the proposed class are entitled to any of the relief set forth in "Paragraph 66."

**PRAYER FOR RELIEF**

Airgas denies that Plaintiffs or the proposed class are entitled to any of the relief set forth in the "WHEREFORE" Paragraphs, including all subparagraphs thereof.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden of proof imposed on Plaintiffs under the law, and without assuming any burden or obligation other than that imposed by operation of law, Airgas asserts the following Affirmative and/or Additional Defenses to the claims set forth in Plaintiffs' Complaint and reserves the right to seek leave to amend or supplement these Defenses as discovery and further investigation warrant:

1. This suit may not properly be maintained as a class action. If a class is certified, Airgas asserts the affirmative defenses set forth herein against each and every member of the certified class.

2. Plaintiffs have failed, in whole or in part, to state claims upon which relief may be granted.

3. Plaintiffs or the proposed class members may lack standing to assert the claims identified in the Complaint.

4. Airgas has acted in compliance with all applicable laws, regulations, and industry customs.

5. Airgas has not breached any legal duty it owed to Plaintiffs or the proposed class members.

6. Any alleged mechanical failure, gasket failure, valve failure, or other failure causing the alleged release was caused by other persons or entities beyond Airgas's control.

7. The Complaint fails to identify any statute or regulation Airgas is alleged to have violated.

8. The transportation of anhydrous ammonia is not an ultrahazardous or abnormally dangerous activity.

9. Plaintiffs' claims are barred, in whole or in part, under the doctrines of release, agreement, accord, and satisfaction.

10. Plaintiffs' or the proposed class's claims are barred, in whole or in part, under the doctrines of ratification, waiver, estoppel, quasi-estoppel, equitable estoppel, laches, and/or the economic loss rule.

11. Plaintiffs' claims are barred, in whole or in part, under the doctrines of contributory or comparative negligence.

12. Plaintiffs may have failed to name third parties who are necessary parties or indispensable to the relief requested in this lawsuit.

13. The claims asserted in this case may be barred in whole or in part by the Plaintiffs' or proposed class member's failure to mitigate alleged damages, if any.

14. Plaintiffs' claims for non-economic damages may be limited by applicable statute or other law.

15. Oklahoma law does not recognize "medical monitoring" or the costs of "future health evaluations" for persons without a present, concrete personal injury.

16. Plaintiffs' or the proposed class's state law claims may be preempted, in whole or in part, by federal rules, regulations, or statutes.

17. The National Transportation Safety Board is investigating the release of anhydrous ammonia. Until the NTSB concludes its investigation, Airgas is prevented from disclosing any information subject to the investigation or commenting on any information made publicly available by the NTSB, unless the NTSB approves the disclosure. *See* 49 C.F.R. § 831.13; *Miami Herald Media Co. v. Florida Dep't of Transportation*, 345 F. Supp. 3d 1349, 1355-61 (N.D. Fla. Oct. 5, 2018).

18. Plaintiffs are not entitled to punitive damages.

19. Airgas specifically denies any responsibility for punitive or exemplary damages. If this Court finds that such damages are recoverable, such exemplary damages are limited by 23 Okla. Stat. § 9.1. In addition, Plaintiffs cannot recover any punitive damages that are constitutionally excessive. Airgas invokes all limitations, requirements, and protections provided in 23 Okla. Stat. § 9.1, including, without limitation, the requirement that Plaintiffs prove by clear-and-convincing evidence the right to recover and the elements of exemplary damages.

20. Awarding punitive damages would violate Airgas's constitutional rights, including its right to equal protection and due process under Article 2, Section 7 of the Oklahoma Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. Awarding punitive damages would also be an unconstitutional taking under Article 2, Section 23 of the Oklahoma Constitution and the Fifth and Fourteenth Amendments to the United States Constitution. In addition, awarding punitive damages would violate the prohibitions against excessive fines and cruel or unusual punishment under Article 2, Section 9 of the Oklahoma Constitution and the Eighth Amendment to the United States Constitution. Among other things, awarding punitive damages would be a constitutional violation, because:

a. Oklahoma law regarding punitive damages is unconstitutionally vague and does not provide sufficient notice of the conduct that could be punished and the severity of the punishment;

b. The unconstitutional vagueness of Oklahoma law results in arbitrary and discriminatory awards;

c. Oklahoma law does not provide adequate substantive and procedural safeguards to prevent arbitrary, excessive, and unconstitutional awards;

d. Oklahoma law does not provide adequate and meaningful guidance to fact finders when they award punitive damages, leaving such awards to arbitrary determinations by the fact finders;

e. Oklahoma law does not require that liability for and the amount of punitive damages be proven beyond a reasonable doubt;

f. Punitive damages are a windfall to plaintiffs, making such damages an unconstitutional taking; and

g. Punitive damages are not available for lawful conduct inside of Oklahoma, for conduct outside of Oklahoma, for conduct that has already been punished, for the conduct of another party, or for harm to others besides the plaintiff.

21. Plaintiffs cannot establish the elements of Rule 23 of the Federal Rules of Civil Procedure required to certify a proposed class in this case because:

a. The proposed class definition is improper and the proposed class is not ascertainable.

b. The numerosity requirement may not be met if a proper class is defined.

c. There are no questions of law or fact common to the proposed class.

d. Plaintiffs' claims are not typical of the proposed class.

e. Plaintiffs may not be an adequate class representative.

f. Individual issues will predominate over any common issues.

g. The class action device is not superior to other methods of litigation for resolving the proposed class members' claims.

22. Adjudication of the claims of the putative class alleged by Plaintiffs through generalized class-wide proof would violate Airgas's right to trial by jury guaranteed by the Oklahoma and United States Constitutions.

23. Plaintiffs' claims in a representative capacity are barred, in whole or in part, by *res judicata* and collateral estoppel to the extent members of the putative class alleged by Plaintiffs were parties in prior litigation or claims against Airgas in which they alleged some or all of the claims alleged in this cause, and that prior litigation or claim was dismissed with prejudice in an enforceable final judgment or release, including but not limited to another class action settlement and/or judgment.

24. Airgas's alleged liability, if any, is limited to several liability only; joint-and-several liability cannot be imposed.

25. Airgas reserves the right to supplement its defenses as discovery and investigation of this case progress.

## CROSS-CLAIM AGAINST THE HOTEL DEFENDANTS

For its Cross-Claim against Defendants IHG Hotels & Resorts, PLC; Six Continents Hotels, Inc.; Holiday Hospitality Franchising, LLC; Blessing Investments, LLC; Kajal Inn, LLC; and Stacey Inn Partnership (collectively the "Hotel Defendants"), Airgas alleges the following:

1. This Cross-Claim is proper under Rule 13(g) because it is asserted against co-parties and arises out of the same transaction or occurrence as does Plaintiffs'

Complaint. Likewise, the Court has supplemental jurisdiction over this Cross-Claim because it forms part of the same case or controversy as does Plaintiffs' Complaint. 28 U.S.C. § 1367(a).

2. Airgas denies any liability to Plaintiffs or the proposed class. However, the Complaint seeks to impose joint-and-several liability on Airgas for all damages allegedly caused by the unintentional release of anhydrous ammonia that occurred in Weatherford, Oklahoma, on or about November 12, 2025.

3. The Complaint asserts the Hotel Defendants are liable for negligence, negligence per se, public and private nuisance, trespass to land, premises liability/failure to warn.

4. Upon information and belief, Plaintiffs' alleged injuries, if any, were caused by the negligence or other fault of persons and entities other than Airgas, including the Hotel Defendants, Defendant Mason Day Welding & Construction, LLC, and Third-Party Defendant Flanco Gasket & Mfg., Inc. In the event Airgas is held constructively liable to Plaintiffs or the proposed class for injuries caused by the Hotel Defendants' negligence, any such liability (which is denied) should, in equity and good conscience, be borne by the Hotel Defendants, and Airgas is therefore entitled to indemnity from the Hotel Defendants.

5. Alternatively, in the event Airgas is held liable to Plaintiffs or the proposed class and made to pay more than its pro rata share of any liability, which is denied, Airgas is entitled to contribution from the Hotel Defendants.

## PRAYER FOR RELIEF

**Therefore**, Airgas requests the Court:

A. Enter judgment for Airgas and against Plaintiffs on all Plaintiffs' claims, and that Plaintiffs take nothing by way of this action against Airgas;

B. Alternatively, in the event Airgas is held liable to Plaintiffs or the proposed class, enter judgment for Airgas and against the Hotel Defendants on Airgas's claims of indemnity and contribution;

C. Award Airgas the costs it incurred in defending this action, including reasonable attorney's fees;

D. Award Airgas any other relief the Court determines to be just and proper.

Submitted on August 3, 2026.

*/s/Patrick L. Stein*
J. Todd Woolery, OBA #18882
Jodi C. Wetzel, OBA #22107
Patrick L. Stein, OBA #30737
Katherine M. Crowley, OBA #35094
MCAFEE & TAFT A Professional Corporation
Eighth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
todd.woolery@mcafeetaft.com
jodi.wetzel@mcafeetaft.com
patrick.stein@mcafeetaft.com
katie.crowley@mcafeetaft.com

**Attorneys for Defendants Airgas Specialty Products, Inc. and Airgas, Inc.**